ENRIQUE MAGANA v. THE STATE.

No. 12945.   Delivered March 12, 1930.
Rehearing denied April 23, 1930.
Reported in 26 S. W. (2d) 1072.

8

The opinion states the case.

*Gordon O. McGehee* of Houston, for appellant.

*O'Brien Stevens,* Cr. Dist. Atty., of Houston, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for ten years.

That deceased, a prohibition officer, was shot and killed at night in a house occupied by appellant and one Pablo Jazo is not denied. Appellant admitted that he killed deceased, David McReynolds, but testified that deceased fired at him first. The state introduced testimony, which, if believed, justified the conclusion that deceased had not attacked appellant or fired his pistol at him. The issue of self-defense was properly and adequately submitted in the charge of the court. The circumstances surrounding the homicide are practically the same as those detailed in the case of Pablo Jazo, in Opinion No. 12,679, delivered November 20, 1929, except that in the instant case appellant admitted that he killed deceased, while in the case referred to, Jazo denied any participation in the homicide.

We deem it unnecessary to further detail the testimony. The opinion is expressed that the evidence is sufficient to support the conviction.

Bills of exception Nos. 1 and 2 relate to appellant's objection to the introduction in evidence of his confession. It appears from the state's testimony, that appellant was given the statutory warning.

The confession shows on its face that the requirements of the statute were complied with. Those taking the confession testified to facts showing that appellant understood and spoke the English language, that he was properly warned, and that he made the statement voluntarily. Appellant took issue with the state as to these matters, and the issue was submitted to the jury in a charge that seems to have met appellant's approval. Where there is an issue as to whether the confession was voluntarily and freely made the question is for the jury under an instruction that the confession should be disregarded unless the jury should find that it was voluntarily made. Branch's Annotated Penal Code of Texas, Section 75.

Bill of exception No. 3 relates to appellant's objection to a statement made by deceased shortly after he was shot. Deceased said to the witness: "There is the Mexicans in the house who shot me, go in there and get them." The statement was made not longer than fifteen minutes after the shooting at a time when deceased was lying on the ground at the scene of the homicide mortally wounded. The statement was admissible as res gestae. Moreover, there was no dispute of the fact that appellant shot deceased.

Bill of exception No. 4 is concerned with appellant's objection to the introduction in evidence of the pistol of deceased. The bill is involved, but we gather from its recitals and the qualification of the court that it was appellant's contention that deceased fired his pistol at him. The state offered testimony tending to show that the pistol had not been fired. It appears from the bill that the condition of the pistol tended to solve the issue. Hence the court properly permitted it to be received in evidence.

Bills of exception Nos. 5 and 7 appear to be concerned with the same question, that is, the testimony of an expert on firearms relative to certain experiments which tended to show that the pistol of deceased was not fired on the occasion of the homicide. The witness appears to have been sufficiently qualified. The experiments seem to have been made under proper conditions. It is the rule that if the experiment appears to have been made under conditions similar or approximately similar to those which surrounded the original transaction, proof of the result of such experiment is admissible in evidence if it tends to shed any light upon the transaction. Branch's Annotated Penal Code of Texas, Section 128.

Paragraph 14 of the court's charge read as follows:

"A peace officer has the right to go armed with a pistol and has a right to make an arrest without a warrant in a case in which

an offense is committed in his presence or hearing or within his view when such offense is an offense against the public peace."

Appellant's objection was that said paragraph "does not correctly state the law." Appellant should have specified the particulars in which the charge was erroneous. Art. 658, C. C. P. It is not patent that the paragraph as a whole is an incorrect statement of the law. A part of the charge is undoubtedly correct. The objection, when considered in connection with the charge, is not deemed to have been sufficiently specific to apprise the trial court of the matters in the charge thought by appellant to be faulty. Gill v. State, 208 S. W. 926.

The special charges sought by appellant were properly refused. The subjects embraced therein were covered in the main charge.

Bill of exception No. 13 brings forward appellant's objection to paragraph 12 of the court's charge. Appellant concedes in his brief that his objection was not well taken.

A careful examination of appellant's contentions convinces us that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The record showing the proceedings in the court and the exceptions thereto covers more than 300 pages. There are sixteen bills of exceptions covering 238 pages of typewritten matter. The assumption that these bills of exception were not considered due to the fact that they were not discussed in detail is entirely erroneous. The opinions of the court must be published by the State, and to a degree brevity is necessary. Due respect for that essential makes it imperative that the court omit a discussion in detail of such matters presented for review as are not deemed by it to present any question of law determinative of the result of the appeal.

Bill of exception No. 6 deals with certain questions and answers propounded to the witness Rimly touching the cylinder of a revolver. The court declined to certify to the correctness of the bill so far as it stated the facts, and referred this court to the statement of facts which covers 210 pages of typewritten matter. The court

does state, however, that the questions and answers relating to the magazine were developed without knowledge upon the part of counsel that the magazine was not found at the very time that the arrest of the appellant and his companion took place. When it was ascertained that the finding was not coincident in time and place with the arrest, the testimony was withdrawn from the jury with instructions to disregard it. We fail to find anything in the record or in the bill which, in our judgment, would warrant the conclusion that the transaction mentioned would require or justify a reversal of the judgment.

Bill No. 7 was discussed in the original opinion.

Bill No. 8 complains of the refusal to instruct a verdict in favor of the accused.

Touching the criticisms of the court's charge, we can but reiterate that which is contained in the original opinion namely, that in so far as the special charges embraced correct propositions of law, the jury was given the benefit of them in the charge which the court read to the jury.

Both upon the original hearing and upon this motion we have given the record the most careful consideration of which we are capable, and the former disposition of the appeal reflects the judgment of this court as correct.

The motion is overruled.

*Overruled.*