GEORGE MALONEY v. THE STATE.

No. 14424. Delivered November 4, 1931.
Rehearing Denied January 20, 1932.

The opinion states the case.

*J. A. Johnson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Two deputy sheriffs and the county attorney met a Ford roadster which belonged to appellant, and was occupied by him, another young man and two women. The officers turned and followed appellant's car to where it was turned off the road up near to a school house. The officers drove their car beside that of appellant and accosted the party. One of the officers got out and approached said. roadster. About this time a half gallon jar of whisky was thrown from the car occupied by appellant and his party, and the sound of liquid running out on the ground from said car was heard. The officer who had gotten out of their car got on the running board of appellant's car and took hold of the wheel, as appellant's car started away, and brought the car to a stop before it had gone very far. The two females mentioned got out of the car and engaged in a skirmish with the officers over the half gallon of whisky which had been thrown out, but the officers got it, and testified that it was a half gallon jar and full of whisky. The ground where appellant's car had been standing was wet with whisky. The whisky ran out of the car on the right-hand side, that being the side on which appellant was. In appellant's car, after same was stopped, was found another half gallon jar either entirely or nearly empty of whisky. The roadster occupied by appellant and his party had only one seat, and from the facts narrated by the state witnesses it would be a necessary inference that both half gallons jars of whisky were in the front of the car when it was being followed by the officers to the place where it stopped. One of the officers testified that appellant had had his mouth on the whisky.

The court properly submitted the case on the law of circumstantial evidence, and there is no complaint of the charge in this regard. The case was submitted to the jury on the law of principals, they being told that if appellant either alone or acting with West, or the two females who were with them, transported whisky, he would be guilty, but if they had a reasonable doubt of such fact he should be acquitted. No special charge relative to the law of principals was asked.

In his brief appellant complains of the fact that no charge was given presenting the theory that the mere presence of the accused would not justify his conviction. The authorities cited by appellant are cases in

which there was testimony raising the proposition of some affirmative defensive theory. We fail to find anything of that sort in the present record. Neither appellant nor any of those with him in the car gave testimony for the defense. No special charge was asked presenting the proposition that appellant could not be convicted because of his mere presence at said time and place, nor was any exception leveled at the charge of the court calling attention to the fact that appellant desired such issue presented. As we view the facts, the failure to charge on said theory was not erroneous since the state evidently did not depend alone on the mere presence of the accused. As stated above, the car had only one seat in which were four people. The car belonged to appellant, and he was seated on the right side of the one seat mentioned, from which side of the car whisky was poured from a half gallon jar when the officers accosted the party. There was also another half gallon jar full of whisky in or upon said seat which was thrown out at the time the officers appeared. In our opinion the jury were fully justified in their conclusion of guilt.

The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion appellant proceeds on the theory that his objection to the charge was sufficient to direct the trial judge's attention to the complaint that the charge omitted an instruction that the mere presence of appellant was not sufficient to constitue him a principal. We have examined the objection and it is too general to have called the court's attention to the omission complained of. Even if the objection had been specific upon the point urged it is extremely doubtful whether the evidence raised the issue.

The motion for rehearing is overruled.

*Overruled.*