ROY PERRY V. THE STATE.

No. 20207. Delivered February 22, 1939.
Rehearing Denied April 12, 1939.

The opinion states the case.

*E. T. Miller,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of cattle theft, and sentenced to a term of two years in the penitentiary.

There are no bills of exception in the record, and the only errors we find assigned are relative to the charge of the court, and appellant also requested the court to peremptorily charge the jury to acquit because of the insufficiency of the testimony.

The State offered in evidence the testimony of J. J. Cunningham, an admitted accomplice, who shows the participation of the appellant not only in the planning of the offense, but also at the time the cattle were alleged to have been stolen. In other words, if the testimony of the accomplice was believed to be true, he made out a complete case against the appellant. The court charged the jury that the witness Cunningham was an accomplice, and before they could convict the appellant they must first believe such testimony to be true, and that it showed the guilt of appellant, and that there was other and further testimony, outside that of the accomplice, tending to connect the appellant with the commission of such offense.

According to the accomplice, while the appellant, the accomplice and one Zack Morgan were completing their plans for the purpose of obtaining these cattle, the appellant and Zack Morgan were seen together in a trailer in Amarillo, thus corroborating the accomplice witness Cunningham as to the fact that they took a passenger car, and obtained a trailer therefor, in which they placed a horse for the purpose of and which was used in rounding up these cattle which were afterwards placed in a truck and hauled to Sweetwater, where they were sold to Mr. Hedrick.

Mr. King testified relative to renting or lending a brown trailer on one day and a silver colored trailer on the following

day to appellant. The accomplice and appellant were also seen together at a filling station in Plainview with a truck loaded with cattle about 6:30 in the morning on the day these cattle were disposed of where an attendant at such place fixed a flat tire for said truck. The accomplice and appellant were there together with this truck, and we think it is safe to assume from the testimony that these were the stolen cattle in the truck.

We next see the accomplice and the appellant together in Sweetwater, Texas, about 150 miles from Plainview, the point where the tire was fixed, on the same day, and they were both with the truck and the stolen cattle were in the truck at such time. The appellant was there helping figure out the best sale to make of the cattle, and advising with the accomplice as to what manner to use in selling them, that is, whether to sell by the pound or by the head. After the sale at the stockyards, we again find the appellant borrowing Mr. Tennis' car in order to drive about seventeen miles to the town of Trent for the purpose of cashing the check which was received in part payment for the cattle, the check being drawn on a bank at Trent, Texas, and we find him returning to Sweetwater in the borrowed car, in company with the accomplice, all these above recited facts being shown by testimony other than that of the accomplice. It seems to us that such testimony tends to connect the appellant with the commission of the charged theft of cattle. We have the accomplice and the appellant in company together, and in possession of property recently stolen, and no explanation thereof by the appellant, which fact should also have some bearing on the connection of appellant with the taking of such cattle from the owner's possession.

We are of the opinion that there is sufficient testimony, outside of that of the accomplice, to tend to connect the appellant with this offense, and so thinking, we think the trial court was correct in refusing the request for a peremptory instruction.

Appellant's further complaint of the court's charge was that nowhere therein did the court charge that it was necessary that there be testimony outside of that of the accomplice to show appellant present at the actual time of the unlawful taking of these cattle. The court did charge that unless the jury found beyond a reasonable doubt that appellant was present at the time of the taking of the cattle, to acquit him, unless they found him guilty under the portion of the court's charge relative to principals as therein given.

There was a further objection relative to the court's failure to charge on the law of circumstantial evidence. Such

a charge was not called for where there was present direct evidence showing appellant's participation in the alleged offense. See Branch's Penal Code, p. 1040, Sec. 1875.

Finding no error in the record the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for a rehearing insists that in our disposition of this case on original submission we overlooked his complaint against paragraph four of the court's charge relative to the law of accomplice testimony. We did not overlook the objection which he urged against the charge. We did reach the conclusion, however, that his objection to the charge did not distinctly and specifically point out any error in the charge as required by Art. 658 C. C. P.

The objection which appellant argues in his motion .for rehearing is an entirely different objection than the one addressed to the court's charge. We do not mean to say that the charge complained of is a correct pronouncement of the law relative to accomplice testimony, but a charge, although erroneous, will not require the reversal of a case in the absence of an objection, nor will this court feel authorized to reverse upon an objection which is entirely too general and does not specifically point out the error, if any.

Believing a proper disposition was made of the cause on original submission, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.