**Michael Lynn TODD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 59630, 59631.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 14, 1980.

Randy Taylor, Dallas, for appellant.

Henry Wade, Dist. Atty. and T. Michael Sutton, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM DAVIS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

These are appeals from a conviction for theft over $200 (Cause No. 59,631) and an order revoking probation based on appellant's commission of the above theft (Cause No. 59,630). Punishment in the former cause is imprisonment for three and one-half years and a fine of $250. A sentence of two years was imposed in the latter cause.

Appellant contends that the evidence is insufficient to sustain both the conviction and the order revoking probation. Appel-lant also complains of the court's failure to grant his motion for new trial based on newly discovered evidence, and the court's inclusion in its jury charge of the law on criminal responsibility for the conduct of another.

We deal with the sufficiency of the evidence first.

On the afternoon of June 5, 1977, Kenneth Mayfield was traveling south on Loop 408 on his way home to Duncanville, when he saw a yellow pickup truck traveling north, towing what Mayfield recognized was his Lincoln arc welder. Mayfield recognized the welder as his because of customizing work he had done on it. Mayfield immediately drove to the lot where he kept the welder, about five to six miles down the highway. He found that his lot had been broken into, and his welder stolen. Mayfield's business partner, Emil Stuart, had placed the welder in the lot on the afternoon of June 3, 1977. Neither man had given anyone permission to use the welder. According to Mayfield the welder was worth approximately $1,500.

Upon discovering the theft Mayfield telephoned the police, then drove back up Loop 408 in a fruitless search for his welder. Mayfield then went to the Duncanville Police Department to report the theft.

Meanwhile Duncanville police officer Jack Long had stopped appellant and Larry Little for a traffic offense. Appellant was driving his yellow pickup truck and was towing a Lincoln welder. Long called in the license number of the welder, E74700, as well as appellant's and Little's names. Nothing was reported concerning the welder, but Long was informed that Larry Little had an outstanding arrest warrant. Long detained Little, but allowed appellant to leave. Long took Little to the Duncanville police station.

Subsequently Mayfield arrived at the police station to report the theft. When Mayfield informed Long of the license number of his welder, Long recognized the number as the same one he had reported after stopping appellant. Appellant then arrived

at the Duncanville police station to post bond for Little, and was arrested for the theft of the trailer.

Appellant claimed that he had not stolen Mayfield's welder, but instead had been towing a welder that he borrowed from a welding shop called Day and Night Welding. Appellant, a police officer, Mayfield, and Stuart went to Day and Night Welding where appellant pointed out the welder he claimed he had been towing. The welder was not Mayfield's.

■ The State's evidence was sufficient to show that appellant exercised control over Mayfield's welder on June 5, 1977, by towing it behind his pickup truck. Stuart's testimony showed that the welder could have been stolen no more than two days previous to the time that it was seen in appellant's possession. A presumption of a defendant's guilt of theft sufficient to sustain a conviction for that offense may arise from the defendant's possession of recently stolen property. To warrant such a presumption the possession must be personal, recent, and unexplained, and must involve a distinct and conscious assertion of right to the property. *Rodriquez v. State*, 549 S.W.2d 747 (Tex.Cr.App.1977); *McKnight v. State*, 399 S.W.2d 552 (Tex.Cr.App.1966). All these factors were established by the evidence. Furthermore, when appellant was first confronted with the accusation that he stole the welder, he gave a false explanation by asserting that he had not been towing Mayfield's trailer, but a different one. This also gives rise to an inference of guilt. *Bowers v. State*, 414 S.W.2d 929 (Tex.Cr.App.1967). See *Prodan v. State*, 574 S.W.2d 100 (Tex.Cr.App.1978); *Rodriquez*, supra. The evidence is sufficient to sustain the conviction.

■ Because the evidence is sufficient to sustain appellant's conviction beyond a reasonable doubt, *a fortiori* it is sufficient to support the revocation of probation by a preponderance of the evidence. Compare *Hamm v. State*, 513 S.W.2d 85 (Tex.Cr.App. 1974).

Appellant urges that the court erred when it refused to grant his motion for new trial on the basis of newly discovered evidence. Larry Little refused to testify for appellant at trial, on the grounds that he might incriminate himself. Little was on probation, and had been indicted for the same offense as had appellant. Subsequent to appellant's trial the charges against Little were dismissed and he was continued on probation. After the dismissal of charges appellant filed his motion for new trial. Little testified at the hearing that on the morning of June 5, 1977 he and appellant had picked up a welder at Day and Night Welding and had taken it to appellant's aunt's house in Cleburne to do some welding. According to Little they left the house at 2:00 p. m. to return to Dallas. On the way they picked up two hitchhikers, whom they dropped off in Duncanville. After continuing on they were stopped by police and Little was arrested. Little testified that appellant did not take Mayfield's welder.

Appellant relies on *Whitmore v. State*, 570 S.W.2d 889 (Tex.Cr.App.1977, Opinion on Appellant's Motion for Rehearing) in support of his contention. In *Whitmore*, a capital murder (remuneration) case, the defendant called his co-defendant to testify. The co-defendant refused, claiming the Fifth Amendment. Subsequently the co-defendant was tried and acquitted. We held that, although the co-defendant's testimony did not constitute "newly discovered" evidence, it constituted "newly available" evidence. As a matter of his Sixth Amendment right to compulsory process, the defendant was entitled to a new trial so that he could have the benefit of the co-defendant's exculpatory testimony.

■ The case at bar is distinguishable from *Whitmore*. Little was not *acquitted* of the theft charges; those charges were simply dismissed. Unlike the co-defendant in *Whitmore*, Little was still subject to being prosecuted, if the State chose to reindict. Thus, Little could not be forced to waive his privilege against self-incrimination and testify, as can defendants who

have been acquitted or convicted. See *Whitmore*, supra; *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.App.1969). There is no guarantee in this case that Little would not claim the Fifth Amendment at a new trial just as he had done at the first trial.[1] This distinction between the instant case and *Whitmore* is crucial, and convinces us that the court did not abuse its discretion in denying appellant's motion for new trial.

■ Moreover, at the hearing there was testimony elicited from Little's former court-appointed counsel which indicated that Little had been pressured by members of appellant's family into testifying as he did at the hearing. Faced with this evidence, the trial court well may not have believed Little's testimony. The credibility of the witnesses and the probable truth of the new evidence are matters to be determined by the trial court. *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974). Appellant's contention is overruled.

■ Appellant complains of the court's inclusion, in its instructions to the jury, of an abstract charge on the law of parties. As the evidence of appellant's conduct alone was sufficient to sustain the conviction, no charge on parties was required. *McCuin v. State*, 505 S.W.2d 827 (Tex.Cr.App.1974). In applying the law to the facts, however, the court made appellant's guilt depend on a finding that he committed the offense "acting either alone or with one or more persons." Because the jury was authorized to convict appellant if it found he was acting alone, any error was harmless. *Stein v. State*, 514 S.W.2d 927 (Tex.Cr.App.1974); *Hannon v. State*, 475 S.W.2d 800 (Tex.Cr. App.1972).

The judgments are affirmed.

---

[1] Indeed, a careful defense attorney likely would advise his client not to testify under these circumstances.