Tony O'Neal GOVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 189–84.

Court of Criminal Appeals of Texas, En Banc.

Jan. 9, 1985.

---

Robert Udashen, Dallas, for appellant.

Henry Wade, Dist. Atty. and Deborah E. Farris, Andy Beach and Knox Fitzpatrick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of aggravated robbery. See V.T.C.A. Penal Code, Sec. 29.02(a)(2). Punishment was assessed by the trial court at confinement in the Texas Department of Corrections for a term of twenty-five years. Appeal was taken to the Dallas Court of Appeals, which affirmed appellant's conviction in an unpublished opinion. See *Govan v. State*, No. 05–82–01132–CR, delivered December 29, 1983 (Tex.App.Dallas). This Court granted Appellant's Petition for Discretionary Review to determine whether the court below erred in affirming the trial court's decision to overrule appellant's objection that the trial court's charge to the jury failed to apply the law of parties to the facts of the case. Although we disagree with the rationale applied below, we agree with the result reached and affirm.

As will become apparent, a brief recitation of the facts is necessary. The named victim in the indictment, Becky Shelberg, testified that on February 11, 1982, she was attending a Bible School in Dallas and around 12:00 p.m., she and a friend, Brad Schofield, went to a Pizza Inn to get some lunch. A short time later, Shelberg testified that two black males took a booth directly behind her and Schofield, and that one of the black males went to the rest room. Subsequently, the black male who had entered the rest room came toward Schofield and said, "Give me your wallet." Schofield responded that he did not have any money, but the assailant persisted in getting Schofield's wallet. Shelberg testified that the next thing she recalled was the other black male placing a revolver to her head and stating, "Give me your purse." Shelberg complied out of fear of imminent bodily injury or death. Shelberg then observed the appellant unzip her purse, rummage through it, get her wallet, and say, "Don't you look at us, don't you dare scream, look down." Thereafter, the suspects departed the Pizza Inn. Shelberg testified that a few days later, she received some of her stolen identification in the mail, but did not recover five dollars taken from the wallet.

At a consolidated trial, at which appellant was tried for the aggravated robbery of Shelberg, while appellant's co-defendant was tried for the robbery of Schofield, Shelberg positively identified appellant as her *only* assailant. [emphasis added.] Additionally, appellant gave a written statement to the police admitting his complicity in the robbery of Shelberg.

The trial court instructed the jury, in the abstract portion of the charge, with respect to the law of parties found in V.T.C.A. Penal Code, Secs. 7.01(a) and 7.02(a)(1). Additionally, in the application paragraph of the charge, the trial judge, inter alia, instructed the jury that they could find appellant guilty if they found he was "acting alone or as a party as that term is defined herein," but did not apply the law of parties to the facts of the case.

The trial judge heard objections and exceptions to the court's charge in chambers. The critical objection made in the case sub judice was tendered by the attorney for the appellant's co-defendant and adopted by ap-

pellant's attorney on behalf of appellant, see *Woerner v. State,* 576 S.W. 2d 85 (Tex. Cr.App.1979), viz: "And our third objection, Your Honor, is that the Court has failed to specifically apply the law *of parties* to the facts in this case." [emphasis added.]

■ The Court of Appeals, relying upon *Bilbrey v. State,* 594 S.W.2d 754 (Tex.Cr. App.1980), held that "the objection was not specific enough to apprise the court of what is complained of and nothing is presented for review." We believe this reliance is misplaced. In *Bilbrey,* supra, the defendant's objection to the jury charge was merely that "the court's charge fails to adequately apply the law to the facts." [at pg. 756.] This objection would certainly not be sufficient under Art. 36.14, V.A.C. C.P. and the cases annotated thereunder, because the trial judge would have no clue as to what "law" the defendant was referring. In the instant case, however, the appellant specifically objected to the application of the law *of parties* to the facts of the case. We find the holding in *Bilbrey* to be inapposite, and hold that appellant's objection was sufficient to preserve error under Art. 36.14, supra.

Having found that appellant's objection preserved error, if any, we turn to the appellant's pivotal contention that "the court's charge authorized the jury to convict the Petitioner of being a party to this offense without any concrete delineation of how the law of parties applied to the particular facts of this case," [appellant's brief at pg. 11] and, therefore, reversible error was committed. To support this contention, appellant cites us to and relies upon *Apodaca v. State,* 589 S.W.2d 696 (Tex.Cr.App.1979) and *Rasmussen v. State,* 608 S.W.2d 205 (Tex.Cr.App.1980).

In *Apodaca,* supra, the defendant was riding as a passenger in a car driven by a co-defendant named Lewis. An argument ensued between Lewis and the deceased. The deceased drove away in his truck and Lewis chased him. Lewis and the defendant chased the truck on the highway at high rates of speed. During the chase, defendant Apodaca leaned out of Lewis' car and beat on the deceased's truck with a tire tool. The deceased was ultimately killed when Lewis' truck struck the car and ran it over a guard rail. Apodaca was indicted for murder, but convicted of voluntary manslaughter. The State's theory of the case was that Apodaca was criminally responsible for the acts of Lewis in causing the wreck which killed the deceased. As in the instant case, the trial judge charged the jury in the abstract on the law of parties, but instructed the jury in the application paragraph as if Apodaca were a principal actor, and, in fact, never made reference to parties. The trial court expressly overruled a written requested charge from the defendant that would have applied the law of parties to the facts of the case. This Court held that such action by the trial judge was reversible error, noting that:

> "*No evidence in the instant case supported submission of the case on the theory that the appellant was the primary actor.* The State's theory of prosecution in the instant case was that the co-defendant, Lewis, as the driver of the car, was the principal actor and that appellant was guilty, if at all, as a party because he solicited, encouraged, directed, aided or attempted to aid the co-defendant Lewis." at pg. 698 [emphasis added.]

Similarly, in *Rasmussen,* supra, defendant, his younger brother, and a third co-defendant were involved in a transaction whereby a controlled substance was sold to police officers, the negotiation and transfer being actually handled by defendant's younger brother. The record demonstrated that when the three co-defendants noticed a marked police car in the area, the defendant exclaimed, "Let's get out of here." Again, as in *Apodaca,* supra, the trial judge charged the jury in the abstract on the law of parties, but refused defendant's requested instruction applying the law of parties to the facts of the case. In *Rasmussen,* this Court held:

> "Like *Apodaca,* the instant case presents no support for submission on the theory

that appellant was the primary actor." at pg. 208.

The State, through its State Prosecuting Attorney, contends in its reply brief that neither *Apodaca* nor *Rasmussen* apply to the facts in the instant case. The State points out, and same is reflected in the record, that appellant, in the instant case, was indicted individually for the aggravated robbery of Becky Shelberg. The evidence is clearly sufficient that appellant Govan committed the robbery of Shelberg as a *principal actor*. The robbery of Schofield was committed by appellant's co-defendant. Thus two separate robberies were committed against two separate victims by appellant Govan and his co-defendant.

With this premise in mind, the State contends that appellant's conviction did not depend upon the application of the law of parties and that the unnecessary inclusion of the abstract definition of the law of parties and the addition of the phrase "acting alone or as a party as that term is defined herein" to the application paragraph of the jury charge was harmless error.

In support for its position, the State refers us to two cases that predate the 1973 Penal Code, but which are nevertheless instructive. In *Stein v. State*, 514 S.W.2d 927 (Tex.Cr.App.1974) this Court held:

> "Under the evidence, a charge on principals was not required, since the evidence is sufficient to support a finding that appellant unlawfully possessed the marihuana. [footnote omitted.]—
>
> "In light of the evidence of appellant's personal possession and the court's instructions, the inclusion of the abstract statement of the law of principals was harmless error." at pg. 934.

In *Hannon v. State*, 475 S.W.2d 800 (Tex. Cr.App.1972), quoting from *Durham v. State*, 112 Tex.Cr.R. 395, 16 S.W.2d 1092 (Tex.Cr.App.1929), this Court stated:

> "When the evidence shows that the accused on trial was a principal actor in the commission of the offense, no charge on principals would be necessary, although the proof may also disclose that in doing the criminal act another took an equal part.——
>
> "However, we fail to see how a charge on the law of principals would be calculated to injure the rights of the appellant in the instant case. The court's charge made appellant's guilt depend upon the finding that he 'acting either alone or as a principal', committed the offense." at 400, 16 S.W.2d 2095.

Additionally, our research reveals two post 1973 Penal Code cases which follow *Stein* and *Hannon*. In *Todd v. State*, 601 S.W.2d 718 (Tex.Cr.App.1980), the record reveals the exact converse of the facts in *Apodaca*, supra. In *Todd*, supra, the defendant was driving his own car, in which a co-defendant was a passenger, pulling a welding machine that had been recently stolen. The record showed that the vehicle driven by defendant was registered to defendant. The trial court included in its instructions to the jury an abstract charge on the law of parties. Additionally, in applying the law to the facts, the court made Todd's guilt depend on a finding that he committed the offense "acting either alone or with one or more persons." This Court reached two conclusions: (1) Since the evidence of the defendant's conduct alone was sufficient to sustain the conviction, no charge on parties was required, and (2) because the jury was authorized to convict the defendant if it found he was acting alone, any error was harmless.

In *Mauldin v. State*, 628 S.W.2d 793 (Tex.Cr.App.1982), the defendant and a co-defendant were caught by police exiting a building that had just been burglarized. The trial court instructed on the law of parties in the abstract portion of the charge, but then totally omitted the law of parties from the application paragraph. This Court cited *Stein*, supra and *Hannon*, supra, in finding that no reversible error was shown.

■ We find that appellant's reliance on *Apodaca* and *Rasmussen* is misplaced, and we hold that, because the evidence in the

instant case clearly supports the appellant's guilt as a principal actor, the error of the trial court in charging on the law of parties was harmless error.

The judgments of the Court of Appeals and the trial court are affirmed.

CLINTON, TEAGUE and MILLER, JJ., concur.

ONION, Presiding Judge, concurring in part and dissenting in part.

Near the commencement of its opinion today the majority states, "This Court granted appellant's Petition for Discretionary Review to determine whether the court below erred in affirming the trial court's decision to overrule appellant's objection that the trial court's charge to the jury *failed* to apply the law of parties to the facts of the case." (Emphasis supplied.)

In concluding and supposedly answering appellant's contention, the majority states, "... the *error* of the trial court *in charging on the law of parties* was harmless error." (Emphasis supplied.) Thus there seems a gap between question and answer.

In order to understand what is before this Court it is necessary to examine the record. Appellant's ground of error expressly states, "The Trial Court erred in overruling appellant's objection that the court's charge failed to apply the law of parties to the facts of the case."

This, however, is not really the contention appellant advances in his argument under said ground of error.

The argument states in part:

"The court's charge in this case contained an abstract definition of the law of parties. The law of parties, however, was not *specifically* applied to the facts

of the case. Instead, the court charged the jury as follows: ...." (Emphasis supplied.)

The appellant then noted that in applying the law to the facts the court authorized the jury to convict him if they found he was "acting alone or as a party, as that term is defined herein, ...." Appellant then stated in his brief argument:

"The appellant's co-defendant objected to the court's charge because of its failure to *specifically* apply the law of parties to the facts of the case. The appellant adopted this objection as his own. The trial court overruled the objection ...

"In light of the specific objection, made by the appellant in this case the court should have applied the law of parties to the facts of this case. Instead, the court's charge authorized the jury to convict the appellant of being a party to this offense without any concrete delineation of how the law of parties applied to the particular facts of this case. This cause should therefore be reversed and remanded for a new trial." [1]

Appellant and his co-defendant were separately indicted, but were jointly tried. Separate charges concerning each were submitted to the jury. In objecting to the jury charge concerning the co-defendant, his attorney, inter alia, stated: "And our third objection, Your Honor, is that the Court has failed to *specifically* apply the law of parties to the facts in this case." The objection was overruled.[2] Thereafter appellant's counsel stated, "... I would like to adopt Mr. Huff's objections." Thereafter the court expressly permitted the objections, but appellant failed to se-

---

1. In the middle of appellant's brief he states: "The failure to apply the law of parties to the facts of a case is not fundamental error. *Bilbrey v. State,* 594 S.W.2d 754, 756 (Tex.Cr. App.1980). Where a proper and timely objection is raised to such failure, however, reversible error is presented. *Apodaca v. State,* 589 S.W.2d 696, 698–699 (Tex.Crim.App.1979); *Rasmussen v. State,* 608 S.W.2d 205 (Tex.Cr. App.1980)."

Here appellant does not cite *Apodaca* and *Rasmussen* for the proposition claimed by the majority nor is argument advanced on the claim seized upon by the majority.

2. The co-defendant's charge is not in this record before us so that we appraise the objection in light of the charge.

cure a ruling on the objections contrary to the assertion in his brief.[3]

It is clear from what has been said that appellant's argument is that the trial court did not adequately and specifically apply the law of the parties to the facts in its charge to the jury, not that the court failed to apply the law of parties at all. It is on this point that the majority seems to lose its way. It ends in discussing whether the court erred in giving a charge on the law of parties, which is not the question presented.

In responding to appellant's ground of error, the Court of Appeals wrote:

"Appellant next contends that the trial court erred in overruling his objection that the court's charge failed to apply the law of parties to the facts of the case. We disagree. Appellant's codefendant objected to the charge stating, '[o]ur third objection is that the court has failed to specifically apply the law of parties to the case.' Appellant then adopted the objection with the court's approval. Failure to apply the law of parties to the facts is not fundamental error. Where appellant's objection stated merely that 'the Court's charge fails to adequately apply the law of parties to the case,' the objection was not specific enough to apprise the court of what is complained of and nothing is presented for review. *Bilbrey v. State*, 594 S.W.2d 754 (Tex.Crim.App.1980). Appellant's fifth ground of error is overruled."

Article 36.14, V.A.C.C.P., expressly provides the objection to the charge must distinctly specify each ground of objection. See also 23 Tex.Jur.3rd, Crim.Law, § 2755, p. 417. The purpose of Articles 36.14 and 36.15 is to enable a trial judge to know in what respect a defendant regards the charge as defective and to afford him an opportunity to correct it before reading the charge to the jury. *Seefurth v. State*, 422 S.W.2d 931 (Tex.Cr.App.1967). This can be accomplished only when the objections are sufficiently specific to point out the errors of which complaint is made. *Green v.*

*State*, 161 S.W.2d 114 (Tex.Cr.App.1942); *McCain v. State*, 158 S.W.2d 796 (Tex.Cr.App.1942).

Thus an objection which does not distinctly specify and point out wherein the charge is defective, presents nothing for review. *Myers v. State*, 468 S.W.2d 847 (Tex.Cr.App.1971); *Smith v. State*, 439 S.W.2d 834 (Tex.Cr.App.1969); *Siros v. State*, 399 S.W.2d 547 (Tex.Cr.App.1966). See also *Green v. State*, supra; *Harrington v. State*, 424 S.W.2d 237 (Tex.Cr.App.1968). See also *Dozier v. State*, 158 S.W.2d 776 (Tex.Cr.App.1942); *Peters v. State*, 137 S.W.2d 1008 (Tex.Cr.App.1940); *Perry v. State*, 126 S.W.2d 969 (Tex.Cr.App.1939).

And it has been said that an objection to the charge which is too general to call the court's attention to the omission and which does not point out wherein the charge did not correctly set forth the law presents nothing for review. *Chavira v. State*, 167 Tex.Cr.R. 197, 319 S.W.2d 115 (1958). See also *Bryant v. State*, 163 Tex.Cr.R. 463, 293 S.W.2d 646 (1956); *Soto v. State*, 161 Tex.Cr.R. 239, 275 S.W.2d 812 (1955).

In *Criddington v. State*, 127 Tex.Cr.R. 613, 78 S.W.2d 185 (1935), it was held that the objection "If such issue (provoking the difficulty) were raised by the evidence the charge of the court is erroneous in that he does not properly submit the law covering said issue" was not sufficiently specific to direct the trial judge's attention to the thing objected to. *Maloney v. State*, 119 Tex.Cr.R. 273, 45 S.W.2d 216 (1932), held the objection was too general to call the court's attention to the admission complained of, that the mere presence at the scene would not constitute defendant a principal.

In *Cain v. State*, 136 Tex.Cr.R. 275, 124 S.W.2d 991 (1939) (Opinion on rehearing), the objection was "1. Defendants object to the charge for the reason that nowhere in said charge has the court charged on the definition of the law of principals, applying the law to the facts on principals, and charged on the converse of said application

---

**3.** The rulings referred to in the brief were those made as to the co-defendant's objection.

of the law to the facts." The objection was held insufficient to call the court's attention to the contradiction before the charge actually given on principals and the charge on alibi.

An objection to a certain paragraph of the charge as not correctly stating the law was held not to be sufficiently specific as required by the statute in *Magana v. State,* 115 Tex.Cr.R. 7, 26 S.W.2d 1072 (1930). In *Ruiz v. State,* 523 S.W.2d 691, 694 (Tex.Cr. App.1975), the defendant's objection to a limiting instruction did not indicate why he thought the charge was defective. No error was shown. In *Gill v. State,* 84 Tex. Cr.R. 531, 208 S.W.926 (1919), an objection to a paragraph in the charge being on the weight of evidence was too general to be reviewed.

"That the defendant's objects and excepts to the court's charge as a whole as the same is not sufficient to protect the rights of the defendant" was not a specific enough objection to apprise the court of the nature of his complaint with regard to the charge and thus presented nothing for review. *Hackbarth v. State,* 617 S.W.2d 944 (Tex.Cr.App.1981).

In *Bilbrey v. State,* 594 S.W.2d 754, 756 (Tex.Cr.App.1980), the objection was that the charge failed to adequately apply the law to the facts. There it was held that the objection was not specific enough to apprise the court of what was complained of and presented nothing for review.

In the instant case the appellant asked to adopt the objections of the co-defendant which in effect was saying "for the same reasons," which is similar to *Vaughn v. State,* 607 S.W.2d 914, 922 (Tex.Cr.App. 1980).[4] The objection adopted, as earlier noted, was simply that the court had

**4.** In *Vaughn* the Court noted the only objection was "for the same reasons stated in our motion for directed verdict." Speaking through Judge Clinton this Court held the objection was not in accordance with Article 36.14, V.A.C.C.P.

**5.** In *Minor v. State,* 476 S.W.2d 694 (Tex.Cr.App. 1972), the complaint that the trial court erred in charging only abstractly on the law of principals (now parties) without applying the law to

"failed to specifically apply the law of parties to the facts in this case." The objection did not specifically point out to the trial court where the charge on law of parties was deficient.[5] The court's attention was not directed to what was desired. *Thompson v. State,* 162 S.W.2d 728 (Tex. Cr.App.1942). The objection was not sufficiently specific to meet the requirements of Article 36.14, V.A.C.C.P. Nothing is presented for review.

For the reasons stated, I would affirm the judgment of the Court of Appeals, and for that reason I concur in the result reached by the majority. I dissent, however, to extending the discussion to issues not before the Court as the majority has done.

the facts despite timely presented objection was held not supported by the record which showed that, in addition to the abstract charge, the court instructed the jury to convict if it found the defendant guilty beyond a reasonable doubt of the offense charged either "acting alone or together with another" as a principal as defined in the charge. It must be remembered that the charge must be read as a whole.