OPINION
SEERDEN, Justice.
A jury convicted appellant of aggravated assault and set his punishment at four years confinement in the Texas Department of Corrections. First, appellant complains that the evidence is insufficient to prove beyond a reasonable doubt that he caused serious bodily harm to the victim. Second, he asserts error in the court’s charge at the guilt phase in connection with instructions on intoxication. We overrule both grounds of error and affirm the trial court’s judgment.
*130 In reviewing the sufficiency of the evidence, our duty as an appellate court is to review all of the evidence in the light most favorable to the verdict or judgment and determine whether any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. Houston v. State, 663 S.W.2d 455 (Tex.Crim.App.1984).
The assault in this case was alleged to be aggravated in that it caused “serious bodily injury” to the victim. In the trial court’s charge, “serious bodily injury” was defined as “bodily injury that creates a substantial risk of death.” Our review of the evidence shows that the victim, approximately five months pregnant at the time of the offense, was thrown over the rail of the porch at the home where she and appellant lived, fell approximately six feet to the ground, and was beaten repeatedly about the head and face by appellant. Neighbors described her condition immediately after the beating and appellant introduced photographs into evidence to show the extent of her injuries. Two emergency medical personnel described the victim’s condition when they arrived to transport her to the hospital and testified to the rapid drop in her blood pressure. They testified that the drop in blood pressure, if left unattended, would have created a substantial likelihood of death. There was conflicting medical testimony about the degree of likelihood of death resulting to the victim as a result of appellant’s attack. The jury resolved the conflict against appellant. We hold there was sufficient evidence to justify their finding. Appellant’s first ground of error is overruled.
In his second ground, appellant complains of the instruction in the court’s charge relating to appellant’s intoxication at the time of the offense.
At the outset, the State contends that appellant's trial objection was insufficiently specific to preserve error for appeal. Appellant’s counsel stated,
The Defense would also object to the second paragraph under arabic number 12 that reads “you are further instructed that neither intoxication nor temporary insanity of mind produced by the voluntary recent use of intoxicating liquor shall constitute any excuse for the commission of a crime” on the grounds that that instruction number one, does not comply with Section 8.04 of the Penal Code and also that the state of the evidence in this case does not justify an instruction on the provisions of Section 8.04 of the Penal Code and that the only evidence produced concerning intoxication was evidence produced by the State. We request that that paragraph be removed from the Charge.
 An objection to a charge must be sufficiently specific tp apprise the trial court of the nature of the objection. Hackbarth v. State, 617 S.W.2d 944, 947 (Tex.Crim.App.1981); James v. State, 418 S.W.2d 513, 515 (Tex.Crim.App.1967); January v. State, 678 S.W.2d 243, 247 (Tex.App.—Corpus Christi 1984, pet. ref’d); Lopez v. State, 651 S.W.2d 830, 834-5 (Tex.App.—San Antonio 1983, pet. ref’d); Wells v. State, 634 S.W.2d 868, 872 (Tex.App.—Houston [1st Dist.] 1982, pet. denied). We find the trial objection sufficient. See Rodriguez v. State, 172 S.W.2d 502, 504 (Tex.Crim.App.1943). Quotation of the objectionable portion of the charge and “the instruction ... does not comply with Section 8.04 of the Penal Code” is far more specific than the “shotgun” objections, such as that the charge “does not correctly state the law,” which have been held insufficient. See Bilbrey v. State, 594 S.W.2d 754, 756 (Tex.Crim.App.1980); Wood v. State, 516 S.W.2d 667, 670 (Tex.Crim.App.1974); Williams v. State, 441 S.W.2d 853, 855 (Tex.Crim.App.1969); Magana v. State, 115 Tex.Cr.R. 7, 26 S.W.2d 1072, 1073 (1930); Browning v. State, 64 Tex.Cr.R. 148, 142 S.W. 1, 2 (1908). But see Siros v. State, 399 S.W.2d 547, 550 (Tex.Crim.App.1966). The plain language of TEX. PENAL CODE ANN. § 8.04 (Vernon 1974) and both the simplicity and frequency of the use of an instruction relating to intoxication as a defense cause us to believe that appellant’s objection was sufficient for the *131 trial court to understand its nature and scope. Therefore, we will review the matters brought forward in ground of error number two.
While we fail to see its relevance in this case, an instruction on intoxication was permissible in the guilt stage of the trial. Williams v. State, 567 S.W.2d 507, 510 (Tex.Crim.App.1978). The victim testified that appellant was drinking on the date of the offense. The court may submit any issue raised to the jury, even if raised only by testimony of the State. Goodgame v. State, 86 S.W.2d 753, 754 (Tex.Crim.App.1935). Thus, there would be no reversible error in the court submitting a proper instruction on appellant’s intoxication.
In its charge to the jury at the guilt stage, the trial court included the following instruction:
You are further instructed that neither intoxication nor temporary insanity of mind produced by the voluntary recent use of intoxicating liquor shall constitute any excuse for the commission of a crime.
The State has cited no authority where any court has approved this language, nor have we found any. Section 8.04(a) of the Texas Penal Code provides:
Voluntary intoxication does not constitute a defense to the commission of a crime.
Sections (b) and (c) of the section deal with temporary insanity as mitigation of punishment and as a defense.
The language that intoxication or temporary insanity caused by the recent use of intoxicating liquor does not “constitute any excuse for the commission of a crime” does not appear in Section 8.04 or in any other statute. We agree with appellant that the court’s instruction goes beyond the statutory definition and was error.
However, we must review the record, including the entire charge, the evidence, and the arguments of counsel, to determine whether the error harmed appellant. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on State’s motion for rehearing) (en banc). Appellant did not assert intoxication as a defense or deny awareness of his acts. Rather, his strategy was to minimize the degree of harm caused to the victim and to contest having an intent to kill her. Although the jury found serious bodily injury, it did not find him guilty of attempted murder, but only of aggravated assault. Given the state of the evidence, the only issue on which intoxication could bear, intent, was resolved favorably to appellant. Thus, the error was harmless and does not require reversal. See also Jaynes v. State, 673 S.W.2d 198, 202 (Tex.Crim.App.1984)(en banc).
We AFFIRM the judgment of the trial court.