Michael Preston TAYLOR, Appellant,

v.

STATE of Texas, Appellee.

No. 176–87.

Court of Criminal Appeals of Texas, En Banc.

March 15, 1989.

Percy Foreman, Mike DeGeurin, Houston, for appellant.

Charles R. Holcomb, Dist. Atty., Elmer C. Beckworth, Jr., Asst. Dist. Atty., Rusk, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted by a jury of the offense of murder. V.T.C.A. Penal Code § 19.02(a)(1). The court assessed punishment at 65 years confinement in the Texas Department of Corrections. The Eastland Court of Appeals affirmed the conviction in an unpublished opinion. *Taylor v. State*, No. 11–86–147–CR (Tex.App.—Eastland Dec. 4, 1986). We granted appellant's Petition for Discretionary Review to consider whether or not the Court of Appeals erred in holding that appellant's objection to the trial court's charge was not sufficiently specific and therefore presented nothing for review.[1] We will reverse the judgment of the Court of Appeals.

In its instructions to the jury during the guilt-innocence phase of trial, the court included an abstract charge explaining the laws of causation and transferred intent.

---

1. Appellant claims that the Court of Appeals departed from the accepted and usual course of judicial proceedings so as to warrant the exercise of the Court of Criminal Appeals' power of discretionary review. See Tex.R.App.Pro. 200(c)(6).

The court's charge tracked V.T.C.A. Penal Code § 6.04(a) and (b)(1).[2]

Appellant made the following objection to the charge for failure to apply such abstract law to the facts of his case:

> We would object and except to the portion of the charge wherein it applies the law to the facts related to murder in that under the definition given of criminal responsibility that it fails to properly charge on applying the law to the facts in those paragraphs relative to murder and voluntary manslaughter.

Relying on *Brown v. State*, 716 S.W.2d 939 (Tex.Cr.App.1986), the Court of Appeals held that such objection "failed to identify the defect sufficiently so as to afford the trial judge the opportunity to correct it."[3] *Taylor*, supra at 3. In *Brown*, supra, the defendant made the following objection: "We would also object to the court's charge, Your Honor, on the grounds that it fails to apply specifically the law of parties to the facts in this case." Presiding Judge Onion, in the lead opinion, found this objection to be insufficient to preserve error.[4] (Onion, P.J., joined by W.C. Davis and White, JJ.) However, that view did not receive the support of either a plurality or a majority of this Court. Judge Onion's view has been characterized as "plurality dictum." *Black v. State*, 723 S.W.2d 674, 675 n. 1 (Tex.Cr.App.1986)

The concurring and dissenting opinion in *Brown*, supra, which was joined by four judges, stated that the objection was sufficient to preserve error because it adequately apprised the trial judge of the complained of error in the charge. Having heard this objection, the trial judge in *Brown* was (1) referred to the "application paragraph" of the charge, and (2) referred to that portion of the "application paragraph" which applied the law of parties to the facts of the case. *Brown*, supra at 950. Therefore, the Court of Appeals erroneously relied on Presiding Judge Onion's opinion in *Brown*, supra, as authority for the proposition that the objection in the instant case was insufficient to preserve error.[5] To the contrary, we find that appellant's objection was sufficient to fully apprise the trial court of the complained of defect in the charge.

In *Govan v. State*, supra n. 5, the trial court charged the jury on the abstract law of parties but did not apply the law *of parties* to the facts of the case. The defendant made the following objection: "The Court has failed to specifically apply the law of parties to the facts of this case." The Court held the objection was sufficient to preserve error under Article 36.14 V.A.C.C.P.[6] We find the holding in *Govan*, supra, to be particularly significant consid-

---

**2.** V.T.C.A. Penal Code, § 6.04 provides as follows:

> (a) A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient.
> (b) A person is nevertheless criminally responsible for causing a result if the only difference between what actually occurred and what he desired, contemplated, or risked is that:
> (1) a different offense was committed; or
> (2) a different person or property was injured, harmed, or otherwise affected.

**3.** The Court of Appeals concluded that while the court's charge "included an instruction on causation, the charge did not apply the law of causation to the facts of the case." (slip op. pg. 3)

**4.** Judge Onion's opinion further found that any error in the jury charge was harmless.

**5.** *Brown*, supra, purports to overrule *Govan v. State*, 682 S.W.2d 567 (Tex.Cr.App.1985). However, closer examination of the opinions filed in that case reveals that the language overruling *Govan* garnered only three votes. This author's concurring and dissenting opinion, which expressly embraced *Govan* received four votes. Despite the editorial notation in Shepard's Citations to the contrary, *Brown* did not overrule *Govan*.

**6.** Art. 36.14 V.A.C.C.P. provides that "the defendant or his counsel shall ... present his objections thereto in writing, distinctly specifying each ground of objection." In determining when an objection to the charge is sufficient, this Court has previously held that to preserve error the objection must be specific enough to apprise the court of what is complained. *Bilbrey v. State*, 594 S.W.2d 754, 756 (Tex.Cr.App. 1980).

ering the fact that it was obvious to everyone that the law of parties was raised by the evidence and was indeed a critical element of the State's case.

■ The State argues, in its response brief, that because Title 2 of the Texas Penal Code, Chapters 6 through 9, include definitions of the term "criminal responsibility", appellant's objection did not clearly invoke a specific section of the Penal Code. We have never held that, in objecting to the failure of the trial court to properly apply the abstract law to the facts of a case, an appellant must specify which portion of the Penal Code was charged in the abstract. We hold that the adequacy of an objection must be judged on whether it isolates the portion of the charge which is alleged to be deficient and identifies the reason for its deficiency.

In the instant case, the objection referred the trial judge to (1) the "application paragraph" of the charge, and (2) the "application paragraph's" failure to apply the law of criminal responsibility to the facts of the case. Here, the issue of causation was raised by the evidence and therefore became a critical element of the appellant's defense. In this factual setting, and because the phrase of "criminal responsibility" appears only in the abstract, definitional paragraph of the charge relating to causation, the objection was sufficient to focus the trial court's attention on the issue of causation. If we assume that the trial judge listened to the evidence presented at trial, and understood the law of criminal responsibility as it applies to the facts of this case, he was notified that appellant's attack was pursuant to V.T.C.A. Penal Code § 6.04, supra. See *Brown,* supra at 950; *Govan,* supra.

Appellant's objection in the instant case is substantially equivalent to the objections in *Govan,* supra, *Brown,* supra, and *Black,* supra. Therefore, we hold that appellant's objection was sufficiently specific to preserve any alleged error and to apprise the trial court of his complaint.

Judgment of the Court of Appeals is reversed, and this cause is remanded to

that Court for action not inconsistent with this opinion.

WHITE, J., concurs in result.

W.C. DAVIS and BERCHELMANN, JJ., dissent.