NO. 12-03-00246-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ANTHONY LEE MOSS,                                    §                 APPEAL FROM THE 2ND
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 CHEROKEE COUNTY, TEXAS
                                                                                                                                                          
MEMORANDUM OPINION
            A jury convicted Appellant Anthony Lee Moss of intoxication manslaughter. After Appellant
pleaded “true” to an enhancement paragraph, the jury sentenced him to fifty years of confinement
and a five thousand dollar fine. Appellant raises two issues on appeal. We affirm.
 
Background
            Appellant’s wife Lisa was killed in an automobile accident, and Appellant was subsequently
charged with intoxication manslaughter. See Tex. Pen. Code Ann. § 49.08 (Vernon Supp. 2004-2005). 
            The testimony at Appellant’s jury trial revealed that Appellant and Lisa spent the day of
August 17, 2002 drinking. Throughout the day, Lisa tried to obtain some marijuana. In the evening,
Lisa had Appellant drive her to several locations where she believed she could obtain marijuana. 
Her attempts were unsuccessful, and she became angry. Appellant testified that Lisa first opened
the door and threatened to jump out. She then attacked him as he was driving and grabbed his hair
and the steering wheel, causing the car to skid off the road and hit a tree. Lisa died from injuries
sustained in the wreck. When the first emergency personnel arrived, they found Appellant buckled
in the driver’s seat of the truck. However, Appellant told them that Lisa had been driving.
            At trial, Appellant admitted that he was driving above the speed limit. Testimony by
investigating officers indicated that Appellant was driving between 85 and 99 miles an hour along
a curving, dangerous road late at night. Appellant also admitted he was intoxicated at the time of
the wreck. A chemist testified that Appellant’s blood alcohol level was .13. Finally, the testimony
showed that when a trooper talked to him about his wife’s death, Appellant became very emotional
and said, “I killed her.” 
            The jury found Appellant guilty of intoxication manslaughter. Appellant pleaded “true” to
an enhancement paragraph alleging a prior felony conviction, and the jury sentenced Appellant to
fifty years in prison and a five thousand dollar fine.


 This appeal followed.
 
Denial of Requested Jury Instruction 
            In his first and second issues, Appellant contends that the trial court erred by overruling
Appellant’s request for a jury instruction on the application of the law of concurrent causation to the
facts of the case.


 Appellant has briefed these issues together.
Requested Instruction
            The jury charge submitted by the State included the following paragraph relating to
concurrent causation:
 
A person is nevertheless responsible if the result would not have occurred but for
his conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct of the
actor clearly insufficient.


This paragraph tracks the language of Texas Penal Code, section 6.04(a). The proposed charge also
included a general application paragraph for the offense of intoxication manslaughter, which stated
as follows:
 
Now, if you find from the evidence beyond a reasonable doubt that in Cherokee County, Texas, on or
about the 18th day of August, 2002, the defendant, Anthony Lee Moss, did then and there operate a
motor vehicle in a public place and was intoxicated and by reason of that intoxication caused the death
of another, namely Lisa Gail Moss, by accident or mistake, then you’ll find the defendant guilty as
charged in the indictment. Unless you believe from the evidence beyond a reasonable doubt or if you
have a reasonable doubt thereof, you’ll acquit the defendant and say by your verdict not guilty.


            Appellant requested the underlined portion of a xeroxed page from a form book as an
addition to the application paragraph, explaining to the trial court that “we feel like the cause of this
was not the intoxication.” The proposed instruction, which was part of an application paragraph
entitled “Requested Instruction Regarding Intoxication as Cause of Death - Involuntary
Manslaughter,” stated as follows: “but [if] you have a reasonable doubt as to whether the
defendant’s intoxication contributed to or caused the action which resulted in the death of ___
[name of victim], you will acquit the defendant and say by your verdict ‘not guilty.’” 
            The State objected to the requested instruction stating that similar language was already
included in the charge. The trial court agreed, noting that “[the proposed jury charge] says by reason
of that intoxication caused the death.” Appellant did not further explain the proposed language or
why it should be included. The trial court denied the requested instruction.
Preservation of Error
            Before the jury charge is read to the jury, the defendant must be given an opportunity to read
and make objections to the proposed charge. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp.
2004-2005). The defendant must then make written objections “distinctly specifying each ground
of objection. Said objections may embody errors claimed to have been committed in the charge, as
well as errors claimed to have been committed by omissions therefrom or in failing to charge upon
issues arising from the facts . . . .” Id. The defendant may also, by a special requested instruction,
call the trial court’s attention to the error in the charge. Tex. Code Crim. Proc. Ann. art. 36.15
(Vernon Supp. 2004-2005). No other exception or objection to the court’s charge is necessary to
preserve any error reflected in the requested instruction. Id.
            The purpose of articles 36.14 and 36.15 is to enable a trial judge to know in what respect a
defendant regards the charge as defective and to afford the judge an opportunity to correct the charge
before reading it to the jury. Brown v. State, 716 S.W.2d 939, 943 (Tex. Crim. App. 1986). “These
articles serve a salutary purpose in preventing the trial judge from being ‘sand-bagged’ and in
preventing unnecessary reversals.” Id. (quoting Seefurth v. State, 422 S.W.2d 931, 936 (Tex. Crim.
App. 1967)). This can be accomplished only when the objections are sufficiently specific to point
out the errors of which the defendant complains. Brown, 716 S.W.2d at 943. Therefore, an
objection that does not distinctly point out the complained-of defect in the charge presents nothing
for review. Id. The adequacy of an objection must be judged on whether it isolates the portion of
the charge that is alleged to be deficient and identifies the reason for its deficiency. Taylor v. State,
769 S.W.2d 232, 234 (Tex. Crim. App. 1989).
            If a defendant submits a special instruction as permitted by article 36.15, nothing in either
article requires that the requested instruction be in perfect form. See Chapman v. State, 921 S.W.2d
694, 695 (Tex. Crim. App. 1996). The request need only be “sufficient to call the trial court’s
attention to the omission in the court’s charge.” Id. at 695 (quoting Stiles v. State, 520 S.W.2d 894,
896-97 (Tex. Crim. App. 1975)). 
            In the present case, Appellant objected to the charge and offered a proposed addition to the
application paragraph. His explanation for the requested addition was that “we feel like the cause
of this was not the intoxication.” The application paragraph of the proposed charge stated that unless
the jury “believe[d] from the evidence beyond a reasonable doubt or if you have a reasonable doubt
thereof, you’ll acquit the defendant and say by your verdict not guilty.” Appellant’s requested
language contemplated a scenario in which the jury did not find causation beyond a reasonable
doubt: “but if you have a reasonable doubt as to whether the defendant’s intoxication contributed
to or caused the action which resulted in the death of ____ [name of victim], you will acquit the
defendant and say by your verdict ‘not guilty.’” The trial judge’s comment that “[the proposed jury
charge] says by reason of that intoxication caused the death” indicates that he perceived no
distinction between Appellant’s requested instruction and the proposed charge. Appellant did not
further explain or clarify his objection. 
            Appellant directed the court’s attention to the application paragraph of the proposed charge. 
His requested addition instructed the jury to find Appellant guilty if it did not believe beyond a
reasonable doubt that his intoxication caused Lisa’s death. By implication, however, the language
already included in the application paragraph required the same result. Appellant did not inform the
trial court of his specific objection: that the application paragraph of the charge did not properly
apply the law of concurrent causation to the facts of the case. Moreover, his requested language
made no reference to Lisa’s conduct and therefore was also insufficient to inform the trial court of
the alleged defect. See Tex. Code Crim. Proc. Ann. arts. 36.14, 36.15. Therefore, we hold that the
issue was not preserved for our review.
            Although we have held that the issue was not preserved, we must nevertheless address
alleged charge error. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). For
purposes of argument only, we assume that the trial court erred by failing to apply the law of
concurrent causation to the facts of the case and by failing to instruct the jury to acquit if they had
a reasonable doubt on concurrent causation.
Harm Analysis
            Where a jury charge error may have occurred, the judgment will not be reversed “unless the
error appearing from the record was calculated to injure the rights of the defendant, or unless it
appears from the record that the defendant has not had a fair and impartial trial.” Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 1981). This language embodies the standards applicable to
fundamental error and to ordinary reversible error. Almanza, 686 S.W.2d at 171.
            If the error in the charge was the subject of a timely objection in the trial court, then reversal
is required if the error is “‘calculated to injure the rights of the defendant,’ which means no more
than there must be some harm to the accused from the error.” Id. (emphasis in original). In other
words, a properly preserved error must be reversed as long as the error is not harmless. Id. Where,
as here, no proper objection was made at trial and the accused must claim that the error was
“fundamental,” he cannot obtain a reversal unless the error is so egregious and created such harm
that he has been deprived of a fair and impartial trial. See id. In short, the error must have resulted
in “egregious harm.” Id. 
            The failure to apply the law of a case to its facts does not amount to a federal constitutional
error, but is merely “a technical violation of [a] state-law rule.” Barrera v. State, 982 S.W.2d 415,
417 (Tex. Crim. App. 1998) (quoting Brown v. Collins, 937 F.2d 175, 182 (5th Cir. 1991)).
Therefore, any error in that regard does not implicate the federal constitution, and we apply the 
Almanza standard in conducting our harm analysis rather than the standard for constitutional error. 
Barrera, 982 S.W.2d at 417.
            The evidence at trial established that Appellant was intoxicated and was driving on a curving,
dangerous road at over ninety miles an hour late at night. Appellant also directs our attention to
testimony in the record that supports his defensive theory of concurrent causation. The jury charge
instructed the jury that Appellant was not criminally responsible “unless the concurrent cause was
clearly sufficient to produce the result and the conduct of the actor clearly insufficient.” The charge
further instructed the jury to find Appellant “not guilty” if it held a reasonable doubt that Appellant’s
intoxication caused Lisa’s death. Had the jury believed that Lisa attacked Appellant while he was
driving and that the attack was sufficient to relieve Appellant of criminal responsibility for Lisa’s
death, they could have found Appellant “not guilty” under the submitted charge. However, they did
not do so. The jury’s “guilty” finding is supported by the evidence. Consequently, Appellant has
failed to show that egregious harm resulted from the trial court’s refusal to submit the instruction
requested by Appellant. Appellant’s first and second issues are overruled.
Conclusion
            Having overruled Appellant’s first and second issues, the judgment of the trial court is
affirmed. 

                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered November 10, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)