**UNITED STATES of America,
Appellant,**

v.

**Timothy PEYKO, Appellee.**

**No. 630, Docket 82–1319.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 12, 1982.
Decided Sept. 14, 1983.

John J. Bergeron, Burlington, Vt. (Kevin G. Bradley, Howard E. VanBenthuysen, Desautels & Bergeron, Inc., Burlington, Vt., of counsel), for appellee.

George J. Terwilliger, III, Asst. U.S. Atty., Burlington, Vt. (George W.F. Cook, U.S. Atty. D.Vt., Burlington, Vt., Peter W. Hall, Asst. U.S. Atty., Rutland, Vt., of counsel), for appellant.

Before FRIENDLY, TIMBERS and WINTER, Circuit Judges.

PER CURIAM:

Defendant Timothy Peyko was charged by information with possession of a controlled substance in violation of 21 U.S.C. § 844(a) (1976). The events that prompted the charge took place in December, 1981. On December 18, an agent of the Drug Enforcement Administration ("DEA") working in Vermont received an anonymous tip that a Timothy Peyko was receiving illegal drugs on a weekly basis via the Federal Express delivery service and sending payments for the drugs to Blacksburg, Virginia, via the same service. The informant described both Peyko and his automobile and predicted that a package would arrive for Peyko from Blacksburg at a local Federal Express office on the following day. The informant did not reveal the source of his information.

The DEA agent determined that a Timothy Peyko matching the informant's description was attending the University of Vermont. He also learned that within the previous month Peyko had sent three packages from Burlington to Blacksburg via Federal Express, that Peyko had recently received two packages via Federal Express, and that another such package would be arriving from Blacksburg at the Federal Express office in Williston, Vermont, on December 19. Driving an automobile that matched the description given by the informant, Peyko claimed the package on that day, and, as he was returning to his car, was stopped by DEA agents. Peyko agreed to speak to them about the package, eventually informing the agents that it contained two envelopes, only one of which belonged to him. When Peyko refused to open one of the envelopes in their presence, the agents seized the entire package. It was opened two days later after the DEA agents secured a search warrant from the local United States Magistrate. The package was found to contain 25.4 grams of cocaine, as well as a note addressed to Peyko.

On June 7, 1982, Peyko moved to suppress the contents of the Federal Express package on the ground that the anonymous tip which led to the investigation of his activities did not provide probable cause for the seizure and subsequent search of the package. The District Court granted Peyko's motion. It held that, under the test announced in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and elaborated in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the government had failed to demonstrate the basis of the informant's knowledge of Peyko's criminal activity and that the search warrant had thus been issued without probable cause. This appeal pursuant to 18 U.S.C. § 3731 (1976) followed.

█ Since the district court's decision, the Supreme Court has abandoned the *Aguilar-Spinelli* approach to probable cause and has replaced it with a test that focuses on the "totality of the circumstances." *Illi-*

*nois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 2328–32, 76 L.Ed.2d 527 (1983). Instead of following the rigid twofold inquiry into an informant's "veracity" and "basis of knowledge" indicated by *Aguilar* and *Spinelli,* the magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 2332. Accordingly, the basis of an informant's knowledge is only one of many factors in the overall assessment of probable cause. Having afforded the parties an opportunity to make further submissions in light of that decision, we believe *Gates* is squarely on point and requires us to reverse the district court's decision.

■ *Gates* held that probable cause for a search warrant was established by an anonymous letter stating that the defendant Lance Gates was about to transport drugs and correctly forecasting his particular travel plans. The verifiable details provided—that Gates would fly from Chicago to Florida in early May, pick up the family car, and immediately begin driving in the direction of Chicago—do not differ qualitatively from the verifiable details offered by the informant here—a description of Peyko and his car along with a report that he frequently sent and received packages via Federal Express and that such a package would arrive from Blacksburg on December 19. The informant here, like the informant in *Gates,* did not provide information setting forth the basis for knowledge of the illegal activities. However, *Gates* specifically held that that does not by itself undermine the "assessment of probabilities" made in light of the "totality of the circumstances" as established by the tip. *Id.* at 2327–28.

The suppression order is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.