Virgil John ETCHIESON, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00155–CR.

Court of Appeals of Texas, Dallas.

June 2, 1983.

Rehearing Denied June 28, 1983.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., W.T. Westmoreland, Asst. Dist. Atty., for appellee.

Before STOREY, GUILLOT and STEWART, JJ.

STEWART, Justice.

Etchieson appeals from his conviction for burglary of a habitation for which he received an enhanced sentence of 50 years. Appellant urges eight grounds of error, four of which involve deletions or changes in the second enhancement paragraph of the indictment, authorized after an announcement of ready for trial; three grounds of error attack the indictment in its original form for failure to give appellant proper notice of the proper conviction relied on by the State; the remaining ground complains of an impermissibly suggestive pre-trial lineup. We overrule all points and affirm.

The indictment alleged two prior convictions for enhancement. After the jury found appellant guilty of the primary charge and before the beginning of the punishment phase of the trial, the trial court struck the first enhancement paragraph upon appellant's motion to quash. The trial court then granted the State's motion to delete and strike the following words from the second enhancement paragraph: "Virgil John Etchieson, III" from line 9 and "the said" from lines 12 and 13. In addition, the trial court instructed the State to singularize the second enhancement paragraph so that it made no reference to the first enhancement paragraph which had been stricken. The second enhancement paragraph of the indictment, with the changes above indicated, reads:

AND THE GRAND JURORS AFORESAID do further present upon their oaths that prior to the commission of (each of)[1] the aforesaid offense(s)[1] by the said VIRGIL JOHN ETCHIESON, III, to-wit: on the 11th day of August, A.D. 1972 in the 195th Judicial District Court of Dallas County, Texas, in Cause Number C–71–9032–LN on the docket of said Court, the said VIRGIL JOHN ETCHIESON, III under the name of VIRGIL JOHN ETCHIESON, was duly and legally convicted in said last named Court for a felony, to-wit: Burglary (VIRGIL JOHN ETCHIESON, III,)[2] as charged in the indictment, upon an indictment then legally pending in said last named Court and of which the said Court had jurisdiction and said conviction was a final conviction and was a conviction for an offense committed by him, (the said)[2] _____ (prior to the commission and conviction of the offense hereinbefore charged against him in the second paragraph hereof, and said commission and conviction set forth in this paragraph was)[1] prior to the commission of the offense set forth in the first paragraph hereof, Against the peace and dignity of the State.

In his first ground of error, appellant complains that the deletions made are amendments of substance or, alternatively, amendments of form made after an announcement of ready for trial on the merits, both of which are violations of Tex.Code Crim.Proc.Ann. art. 28.10 (Vernon 1966). That article reads:

Amendment of indictment or information

Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended.

█ The threshold question in this case is whether the deletions are amendments that invoke the provisions of article 28.10. The cases setting out the distinction between amendments of form and of substance are carefully outlined in *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980). The court in *Brasfield* also points out that the unique exception to the cases construing deletions as those of form or of substance is a group

---

1. Deletion as a result of singularizing the paragraph.

2. Deletion as a result of the State's Motion to Strike.

of cases allowing the striking of surplusage, which is construed as tantamount to abandonment of what need not be proved in any event. *Brasfield,* 600 S.W.2d at 301. Unnecessary words may be rejected as surplusage when they are not descriptive of that which is legally essential to the validity of an indictment or information. *Collins v. State,* 500 S.W.2d 168, 169 (Tex.Cr.App. 1973); *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Cr.App.1975).

■ Here, the deleted words, "Virgil John Etchieson, III" and "the said", are unnecessary to the meaning of the indictment because they do not explain or describe the offense charged; their inclusion does not expand the State's burden of proof; and they do not affect the formal elements of the indictment set out in Tex. Code Crim.Proc.Ann. art. 21.02 (Vernon 1966). *See Garcia v. State,* 537 S.W.2d 930 (Tex.Cr.App.1976); *Burrell,* 526 S.W.2d at 799. Consequently, the trial court did not err in granting the State's Motion to Strike.

■ The deletions made to singularize the second enhancement paragraph after the first paragraph had been stricken were made for appellant's benefit. *See Robinson v. State,* 415 S.W.2d 180 (Tex.Cr.App.1967). In addition, these words became surplusage in this paragraph after the first enhancement paragraph had been stricken. The deletions comprised words that no longer needed to be proved and that were, at that point, not essential to the validity of the indictment. *Burrell,* 526 S.W.2d at 802; *Collins,* 500 S.W.2d at 169. Appellant, in his brief, acknowledges that the trial court properly quashed the first enhancement paragraph and that the State can properly strike counts after the commencement of trial. Logic demands that if a prior paragraph may be stricken, then a subsequent paragraph may be changed to conceal the proper excision of the one preceding it. We hold that none of the deletions in question are amendments prohibited by article 28.10. Appellant's first ground of error is overruled.

■ In his second and third grounds appellant asserts error because the enhancement paragraph read to the jury varied from the one upon which appellant was arraigned out of the jury's presence and because it varied from the paragraph resulting after the trial court granted the State's motion to strike. The record reflects that, pursuant to the court's instruction out of the jury's presence, the State arraigned appellant on the remaining enhancement paragraph in the identical form as that read later to the jury *and* in its original form. The record reveals that appellant had notice that only the singularized version would be read to the jury. Hence, appellant's contention, that he was harmed because he did not know until the indictment was read to the jury just what he had to defend against, is without merit.

■ Appellant also declares that the court's general instruction to omit reference to the first enhancement paragraph, without a motion or written instrument indicating the changes to be made, violated Tex. Code Crim.Proc.Ann. art. 28.11 (Vernon 1966) and Tex. Const. article 1, § 10. Article 28.11 provides that all amendments of an indictment shall be made with leave of court and under its direction. The trial court's instruction, out of the jury's presence, was as follows:

THE COURT: Let the record reflect I am instructing the prosecutor to arraign the defendant by reading what was originally the third paragraph and to read it in such a way that he does not read words in it that make reference to a second paragraph that has been quashed on a motion of the defendant. I am doing that to protect the defendant's rights so that the jury will not get the idea that there was some paragraph which you have objected to and which objection I have sustained.

Assuming, arguendo, the deletions involved here are "amendments" under article 28.11, the record is clear that the trial court closely monitored the changes made after the motion to strike, and that the deletions

were those of the judge and not those of the State.

■ Article 1, Sec. 10 of the Texas Constitution requires that the face of the indictment must furnish the information to the accused upon which he may prepare his defense. In view of our holding that the indictment as originally written provided sufficient notice of the prior conviction, and that the deletions were of surplusage only, we hold that the enhancement paragraph read to the jury complied with the mandate of article 1, § 10 of the Constitution. Appellant's second and third grounds of error are overruled.

■ Grounds of error five, six and seven attack the second enhancement paragraph of the indictment in its original form because the name of appellant was typed in the printed form in the same space with the offense charged, and the space below calling for the accused's name was left blank. (See the portions of the quoted indictment above labeled footnote 2.) Appellant contends that these variations cause the allegations of this paragraph to be fundamentally insufficient because the allegations do not make sense and are vague and confusing; hence, the paragraph fails to give him proper notice of this prior conviction relied on by the State. We do not agree.

It is true that the purpose of an enhancement allegation is to provide the accused with notice of the prior conviction relied on by the State. *Coleman v. State,* 577 S.W.2d 486 (Tex.Cr.App.1979). However, in alleging prior convictions, the trend is toward a relaxation of the former rigid rules. *Hall v. State,* 619 S.W.2d 156, 158 (Tex.Cr.App. 1980). Whoever drafted the indictment in this case obviously put appellant's name in a blank where it should not have been. On the other hand, the indictment describes the prior conviction by date, cause number, court, county, state and offense. In spite of the misplacement of appellant's name, we hold that the allegations are sufficient to give appellant notice of the prior conviction contained in the second enhancement paragraph. *Coleman,* 577 S.W.2d at 488. Moreover, there is no showing that appellant was

surprised or misled to his prejudice. *Plessinger v. State,* 536 S.W.2d 380 (Tex.Cr.App. 1976). Appellant's fourth, fifth and sixth grounds of error are overruled.

■ In appellant's eighth ground of error, he complains that the State's proof at the punishment phase of the trial was at variance with the second enhancement paragraph as returned by the grand jury. Appellant contends that because the State failed to prove up the words we have held to be surplusage, there is a fatal variance between the allegations and the proof. The State proved the prior conviction in that paragraph by the date, cause number, court, county, state and offense. Thus, no fatal variance between the allegations and the proof exists. *Rooks v. State,* 576 S.W.2d 615 (Tex.Cr.App.1978); *Plessinger,* 536 S.W.2d at 380.

In his fourth ground of error, appellant contends that complainant's in-court identification testimony was constitutionally infirm because her identification of appellant at a pre-trial lineup was the result of impermissible suggestion by her fiance. Appellant bases this contention on the fact that complainant failed to identify appellant in a photographic lineup yet positively identified him two days later in a live lineup after talking to her fiance, who was also present during the commission of the offense and who had identified appellant by photographs on the same day complainant failed to do so. Both of these witnesses testified that they did not discuss the identity of the burglar nor his physical description during the intervening two days.

■ Each case must be considered on its own facts to determine whether a particular pre-trial confrontation resulted in irreparable misidentification. *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). From our examination of the record, we hold that there was no impermissible suggestion involved in the pre-trial confrontation. Moreover, we are satisfied that the complaining witness' in-court identification was of independent origin and, therefore, clearly

admissible. *Turner v. State,* 614 S.W.2d 144, 146 (Tex.Cr.App.1981) (and cases cited therein). Appellant's fourth ground of error is overruled.

The judgment is affirmed.