**David Lewis STARKEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00836–CR.**

Court of Appeals of Texas, Dallas.

Sept. 27, 1985.

J. Stephen Cooper, Bruder & Cooper, Dallas, for appellant.

Anne B. Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, ALLEN and MALONEY, JJ.

SPARLING, Justice.

Appellant was convicted of murder and sentenced to forty years' imprisonment. Appellant contends that the court erred by (1) permitting the State to amend the substance of the indictment; (2) admitting a confession that was the fruit of an illegal arrest; (3) overruling his objection to prosecutorial argument; and (4) improperly charging the jury on the law of parties. We disagree and affirm.

### Amendment to Indictment

Appellant's indictment stated, in pertinent part:

> Defendant ... did then and there intentionally and knowingly cause the death of [the complainant] by shooting him with a firearm, and the said defendant supplied the firearm which was used to cause the death of the said complainant.

On the day of trial, over appellant's objection, the court granted the State's motion to strike from the indictment the words "and the said defendant supplied the firearm which was used to cause the death of the said complainant." Appellant argues that the amendment was one of substance, violating TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1966):

> Any matter of form in an indictment ... may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended.

See *Burrell v. State*, 526 S.W.2d 799, 801 (Tex.Crim.App.1975); 22 TEX.JUR.3d *Criminal Law* § 2282 (1982).

 The rule, although stated simply, is complex in its application. Unnecessary words or allegations in an indictment may be rejected as surplusage if they are not descriptive of that which is legally essential to the validity of the indictment. *Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Crim. App.1983) (en banc); *Windham v. State*, 638 S.W.2d 486, 487 (Tex.Crim.App.1982) (en banc); *Etchieson v. State*, 653 S.W.2d 930, 933 (Tex.App.—Dallas 1983, pet. ref'd). If, however, unnecessary matter in an indictment is descriptive of that which is legally essential to charge a crime, it must be proven as alleged. *Clark v. State*, 665 S.W.2d 476, 484 (Tex.Crim.App.1984); *Franklin*, 659 S.W.2d at 833; *Franklin v. State*, 682 S.W.2d 426, 427 (Tex.App.— Houston [1st Dist.] 1984). Thus, the issue is whether the deleted language is descriptive or explanatory of an allegation legally essential to charge the offense of murder or whether it is mere surplusage.

Specification of each element of the offense is legally essential to a valid indictment. TEX.CODE CRIM.PROC.ANN. art. 21.02, subdiv. 7 (Vernon 1966). A person

commits murder if he intentionally or knowingly causes the death of an individual. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974). Thus, the elements of murder are (1) a person (2) intentionally or knowingly (3) caused the death of an individual. Each properly was charged in the instant indictment.

Appellant argues that the State's theory was that appellant ordered a third person to kill the victim and that he—appellant—provided the firearm used in the homicide. He thus contends that the deleted language was descriptive or explanatory of the required culpability or of causation. We disagree.

■ The State introduced evidence to prove appellant was a party to the offense of murder. A person is criminally responsible for an offense committed by the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX.PENAL CODE ANN § 7.02(a)(2) (Vernon 1974). A person criminally responsible for an offense committed by another may be charged with an offense without allegations in the indictment of facts on which responsibility as a party is based. *Aston v. State*, 656 S.W.2d 453, 455–56 (Tex.Crim.App.1983) (en banc); *Pitts v. State*, 569 S.W.2d 898, 900 (Tex. Crim.App.1978) (en banc); *Ortiz v. State*, 680 S.W.2d 659, 663 (Tex.App.—Houston [1st Dist.] 1984, no pet.); *Robinson v. State*, 665 S.W.2d 826, 828 (Tex.App.—Austin 1984, pet. ref'd).

■ The deleted language was descriptive of appellant's complicity as a party to the offense and not of the culpable mental state or states, the result of the conduct, or the manner and means by which the offense was committed. Thus, since allegations in an indictment of responsibility as a party are not essential, the language importing responsibility as a party was not descriptive of anything essential to the validity of the indictment. *See, e.g., Craig v. State*, 480 S.W.2d 680, 685 (Tex.Crim.App. 1972) (allegation in indictment for robbery by firearms that defendant acted together with another was surplusage). Accordingly, we hold that the language was mere surplusage, validly deleted by amendment.

## Illegal Arrest

Early in the afternoon on March 12, 1984, a Plano police officer stopped the car in which appellant was driving for an invalid safety inspection sticker. The officer, upon learning of an outstanding arrest warrant from Cedar Hill, arrested appellant, administered *Miranda* warnings, and took appellant before a Plano magistrate. On the same day, appellant was taken to Cedar Hill where a police officer and a magistrate read him his *Miranda* rights and appellant made an unsuccessful attempt to contact his attorney.

Appellant contends that his arrest was illegal. We agree. The affidavit underlying the arrest warrant contained the following assertions of fact:

> January 12, 1984, a body of a white male, identified later by finger prints to be Daryl Lynn Burnett, DOB: 04/19/56, was found in an isolated field South of Parkerville Rd, East of Joe Wilson Rd, in Cedar Hill, Dallas County, Texas. The victim had been shot to death and all identification removed from the body. During the investigation it was learned from family members, by Officers, that the victim was known to always carry a billfold, containing assorted personal items and possessions. This billfold was not found on the body or in the area where the victim's body was discovered. Investigation has also revealed that the victim owed the Suspect an unknown amount of money. The Suspect has boasted on several occasions in the presence of different individuals that he, the suspect, killed the victim, Daryl Lynn Burnett.
>
> It is believed the suspect knowingly or intentionally caused the death of Daryl Lynn Burnett, by shooting him several times, and removing the personal effects from the victim to satisfy the debt. I

believe this information furnished by a fellow Peace Officer is credible.

■ In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court abandoned the "two-pronged test" enunciated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and substituted a "totality of the circumstances" approach for determining the reliability of hearsay information. *Gates*, 103 S.Ct. at 2328. *Aguilar* required articulation of the underlying circumstances from which the informant concluded the suspect was engaged in criminal activity and the underlying circumstances from which the officer concluded that the informant was credible and the information reliable. Although the Court in *Gates* rejected the rigidity of the *Aguilar* test, the two prongs still inform our decision whether, based on the totality of the circumstances, the officers had a substantial basis for suspecting appellant was involved in criminal activity. *See also Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984); *United States v. Peyko*, 717 F.2d 741, 743 (2d Cir.1983).

■ Sufficient information must be presented to the magistrate to allow him or her to make an independent assessment of probable cause. *Gates*, 103 S.Ct. at 2322. Except for an oblique reference to an unnamed police officer, the affiant in the instant affidavit did not state facts indicating the source of his assertions, the statements of independent corroboration are minimal, and the conclusory statement that, in the affiant's belief, the police officer is "credible" is insufficient. Accordingly, we conclude that the arrest warrant was invalid and the arrest illegal.

### Tainted Confession

■ Otherwise tainted evidence is admissible if the connection between the illegal arrest and the means through which the confession was secured has "become so attenuated as to dissipate the taint." *Wong Sun v. United States*, 371 U.S. 471, 491, 83 S.Ct. 407, 419, 9 L.Ed.2d 441 (1963); *Houltin*, 566 F.2d at 1030; *Armstong v.*

*State*, 550 S.W.2d 25, 31 (Tex.Crim.App. 1976) (on motion for rehearing). Thus, we must determine "whether, granting establishment of the primary illegality, the evidence to which objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun*, 371 U.S. at 488, 83 S.Ct. at 417–18. A confession obtained through custodial interrogation after illegal arrest should be excluded unless the confession is sufficiently an act of free will to purge the primary taint. *Oregon v. Estad*, ── U.S. ──, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); *Taylor v. Alabama*, 457 U.S. 687, 690, 102 S.Ct. 2664, 2667, 13 L.Ed.2d 314 (1982); *United States v. Webster*, 750 F.2d 307, 324 (5th Cir.1984); *Sweeten v. State*, 667 S.W.2d 779, 781 (Tex.Crim.App.1984) (en banc). Factors that elucidate the extent of attenuation, if any, include temporal proximity of the illegal arrest and the confession, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct. *Taylor*, 457 U.S. at 690, 102 S.Ct. at 2667, *Brown v. Illinois*, 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975); *Gregg v. State*, 667 S.W.2d 125, 128 (Tex.Crim.App.1984) (en banc); *Townsley v. State*, 652 S.W.2d 791, 797 (Tex.Crim.App.1983) (en banc): The State has the burden of proving attenuation. *Webster*, 750 F.2d at 324; ·*Garrison v. State*, 642 S.W.2d 168, 169 (Tex. Crim.App.1982).

■ The record does not clearly reflect the temporal proximity of the arrest and the confession. The State failed to establish the time of arrest, although Captain David Cooper of the Cedar Hill police department testified that appellant was arraigned in Cedar Hill at approximately 3:30 p.m., March 12. Appellant first completed a written statement at 1:54 p.m., March 13. Thus, approximately twenty-four hours passed between arrest and confession, and appellant was in custody during this time. The passage of time herein is relatively minimal, and passage of time, alone, can never attenuate a confession. *Collins v.*

*Beto,* 348 F.2d 823, 828 (5th Cir.1965); *Duncan v. State,* 639 S.W.2d 314, 317 (Tex. Crim.App.1982).

The second factor requires the State to show intervening circumstances which purged the taint. The evidence reveals that appellant was removed from his cell at approximately 1:25 p.m., March 13. Cooper testified that he went to appellant's cell because "[t]he dispatch supervisor came back to the detectives' office and notified us that the defendant had been pounding on the door in the jail stating that he wanted to talk to [me] ... [a]nd get his business straightened act." [1] Appellant was taken to a detective's office where he requested and received permission to call his attorney. He was unable to contact his attorney and, according to Cooper, stated that he "wanted to go ahead and talk to Detective Johns and I [sic] and get his business straightened up." The officers then took four statements from appellant.

█ Repeated *Miranda* warnings constitute a second intervening circumstance. The arresting officer read appellant the *Miranda* warnings, and appellant presumably was re-admonished when he was arraigned in Plano. His rights were again read when Cooper escorted him to Cedar Hill, and he again was arraigned upon arrival. The *Miranda* admonition was inscribed at the top of each page of the voluntary statement forms signed by appellant. Cooper read appellant his *Miranda* rights before he made any statement, and, after each of the four statements was completed, but prior to accepting appellant's signature, Cooper read to appellant the entire statement, including the *Miranda* warnings. Additionally, appellant was afforded the opportunity, and exercised the right, to make deletions and corrections in the statements.

Finally, we find no evidence of purposeful or flagrant misconduct. The automobile stop was not a pretext, there is no evidence that any of the officers was discourteous or dilatory, and the Plano officers appeared to have relied in good faith on a warrant issued by another jurisdiction.

█ The exclusionary rule is based on twin policies of deterrence and judicial integrity. Note, *Fourth Amendment—A Renewed Plea for Relevant Criteria for the Admissibility of Tainted Confessions,* 73 J.Crim.L. & Criminology 1408 (1983).

> When there is a close causal connection between the illegal seizure and the confession, not only is exclusion of the evidence more likely to deter similar police misconduct in the future but also use of the evidence is more likely to compromise the integrity of the courts.

*Dunaway v. New York,* 442 U.S. 200, 219, 99 S.Ct. 2248, 2260, 60 L.Ed.2d 824 (1979). If, however, the causal chain is broken by an independent act of free will, the policies of the exclusion would not be furthered, and the confession should be admitted.

█ We hold that appellant's uncoerced choice to make a statement was "sufficiently an act of free will to purge the primary taint" of the illegal arrest. *Brown v. Illinois,* 442 U.S. 590, 602, 95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975). *See Wicker v. State,* 667 S.W.2d 137, 141 (Tex.Crim.App.1984) (en banc); *Gant v. State,* 649 S.W.2d 30, 34 (Tex.Crim.App. 1983) (en banc). Additionally, although *Miranda* warnings alone do not break the causal connection between police misconduct and a subsequent statement, they are an important factor in determining whether a confession is obtained by exploitation of an illegal arrest. *Dunaway v. New York,* 442 U.S. 200, 216–17, 99 S.Ct. 2248, 2258–59, 60 L.Ed.2d 824 (1979); *Brown,* 422 U.S. at 603, 95 S.Ct. at 2261; *Foster v. State,* 677 S.W.2d 507, 509 (Tex.Crim.App.1984) (en banc); *Ussery v. State,* 651 S.W.2d 767, 771 (Tex.Crim.App.1983) (en banc). The repeated *Miranda* warnings in the instant case indicate both voluntariness and an exercise of free will. *See Wong Sun,* 371 U.S. at 486, 83 S.Ct. at 416. Accordingly,

---

1. In *Lalande v. State,* 676 S.W.2d 115, 118 (Tex. Crim.App.1984), the court of criminal appeals held that unobjected-to hearsay is competent evidence in a motion to suppress hearing.

we hold that the confession was purged of the taint of the illegal arrest.

### Jury Argument

Appellant objected to the following portion of the prosecutor's final argument:

Now, to respond, if I may, to Mr. Booth's arguments, I'm not going to insult you by trying to perform theater or Perry Mason. I am not going to shout at you or rant and rave at you. But his last line just kind of struck me. If there's anybody there on the jury that thinks that justice is served and justice is done by letting this murderer, this violent, dangerous, vicious person walk out of the courtroom—

. . . .

If there's anybody that thinks that justice is served by that, I'd challenge to aquit [sic] him and take him home with you and hope—

Appellant contends that the argument was calculated to cause the jurors to ignore their lawful duties and to consider extraneous matters in rendering their verdict. We disagree.

First, we hold that the statement was a proper plea for law enforcement. See Denison v. State, 651 S.W.2d 754, 763 (Tex.Crim.App.1983) (en banc); De Bolt v. State, 604 S.W.2d 164, 170 (Tex. Crim.App.1980). Second, we hold the argument was invited by defense counsel's argument:

You know, maybe later on today when this trial is all over and you-all go home and be with your families, whatever, David Starkey is going to be one of two places. He's going to either be going home with you or he's not, and right down the line.

Accordingly, we find no error.

### Jury Charge

In the abstract portion of the charge, the court charged the jury in accordance with TEX.PENAL CODE ANN. §§ 7.01, 7.02 (Vernon 1974). As required by Apodaca v. State, 589 S.W.2d 696 (Tex. Crim.App.1979), the court submitted the following two paragraphs applying the law of parties to the facts of the case:

Now if you find from the evidence beyond a reasonable doubt that David Schieler, in Dallas County, Texas, on or about the 11th day of January, 1984, did intentionally or knowingly cause the death of Daryl Lynn Burnett by shooting him with a firearm and the defendant then and there knew of the intent, if any, of said David Schieler to shoot the said Daryl Lynn Burnett and acted with intent to promote or assist the commission of the offense of murder of Daryl Lynn Burnett by David Schieler by encouraging him by words, if he did, or by directing the commission of the murder, if he did, or by aiding or attempting to aid David Schieler by providing a weapon, if he did, to commit the offense of shooting Daryl Lynn Burnett, then you will find the defendant guilty of murder as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty. [Emphasis added].

Appellant contends that the charge permitted a conviction without requiring the jury to find appellant knew his co-defendant intended to murder Burnett. We disagree.

Citing Romo v. State, 568 S.W.2d 298, 302–03 (Tex.Crim.App.1978) (on rehearing); Bilbrey v. State, 594 S.W.2d 754, 756 (Tex. Crim.App.1980); and Apodaca v. State, 589 S.W.2d 696, 698 (Tex.Crim.App.1979), the State argues that appellant did not make an objection adequate to preserve error. Appellant objected that the court "has not correctly and accurately applied the facts of the case to the law of parties."

The State cites Govan v. State, 682 S.W.2d 567 (Tex.Crim.App.1985), for the proposition that a general objection to the failure of the court to apply the law of parties to the facts is sufficient if the charge completely fails to do so, but that a more specific objection is required if the

court inadequately applied the law of parties. We do not so read *Govan*. In *Govan*, the court authorized the jury to convict if they found that the defendant was "acting alone or as a party, as that term is defined herein." As the concurring opinion points out, the majority opinion, in holding that the objection "that the Court has failed to specifically apply the law of parties to the facts in this case" was sufficient, characterized the quoted portion of the charge as both a complete failure and an inadequate attempt to charge the law of parties. The concurring opinion further noted that TEX.CODE CRIM.PROC.ANN art. 36.14 (Vernon Supp.1985) requires the accused to "distinctly specify [ ] each ground of objection" Since we cannot resolve the ambiguity in *Govan*, we will presume that appellant's objection was sufficient and address the merits of his claim.

 We hold that the application paragraph was not erroneous. Although a person cannot be convicted of the offense of "shooting," the paragraph twice refers to the offense of murder. Further, the references to shooting are consistent with the definitions of "intent" and "knowledge" as defined in the charge:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to circumstances surrounding his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

*See* TEX.PENAL CODE ANN. § 6.03(a), (b) (Vernon 1974). A person who acts intentionally or knowingly with respect to the nature of, or circumstances surrounding, his or her conduct—the shooting—can be found guilty of murder regardless of his or her mental state with respect to the result of the conduct—the murder.

In a slightly different context, the San Antonio court of appeals recognized this principle:

The corroborated evidence established appellant's conscious election, long with Herndon and Jaycon, to inflict bodily injury upon Young. It does not matter that the offense originally intended by appellant, assault or aggravated assault, subsequently escalated into murder.... Inasmuch as death would have been a foreseeable consequence of an assault inflicted by the use of a gun, appellant was liable for the collateral crime of murder whether or not there existed any prior agreement to commit the latter offense.

*Gordon v. State*, 640 S.W.2d 743, 758 (Tex. App.—San Antonio 1982, no pet.) (Emphasis added). *See also* TEX.PENAL CODE ANN. § 6.04(b)(1) (Vernon 1974).

Finally, we hold that any error was not "calculated to injure the rights of the defendant" nor "so egregious ... that [appellant] has not had a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (on State's motion for rehearing). Accordingly, we affirm.