**Ramon MONTES**

v.

**The STATE of Texas, Appellee.**

**No. 232–86.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1987.

Dolph Quijano, Jr., Robin Norris, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant of official misconduct and assessed punishment at two years' confinement, probated. The Eastland Court of Appeals reversed the conviction in an unpublished opinion, holding that the inclusion of an instruction to the jury on the law of parties was not warranted by the evidence and constituted reversible error. *Montes v. State,* No. 11–84–057–CR (Tex.App.—delivered January 31, 1985). We granted the State's petition for discretionary review and remanded the case to the Court of Appeals for reconsideration in light of our holding in *Govan v. State,* 682 S.W.2d 567 (Tex.Cr.App.1985) and *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App. 1985). On remand in an unpublished opin-

ion delivered January 23, 1986, the Court of Appeals distinguished *Govan,* supra, on the fact that "the evidence does not clearly support appellant's guilt as a principal actor" and yet the Court also found that the evidence was insufficient to support the instruction on the law of parties. The Court of Appeals then concluded that there was "some harm" to appellant in charging the jury, over objection, upon the law of parties "when assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." We granted the State's petition for discretion to review the opinion of the Court of Appeals.

The jury was instructed that if they found that appellant

with intent to harm another, individually or as a party thereto, intentionally or knowingly delivered to El Paso Wrecker Service, knowing El Paso Wrecker Service was not entitled to receive it, a cashier's check in the amount of Nineteen Hundred Dollars ($1,900.00), which then and there was a thing of value, and belonged to the government, and that the said cashier's check had come into the possession of the defendant by virtue of his employment, you will find the defendant guilty.

In May, 1980, Chester Conner was the general manager of El Paso Wrecker Service, which towed and stored abandoned vehicles until they were sold at an auction conducted by the Sheriff's Department. Conner testified that he and appellant had an agreement that if a buyer other than El Paso Salvage Pool, a subsidiary of El Paso Wrecker Service, purchased a vehicle at an auction, the proceeds of the purchase price would be given to El Paso Wrecker Service after all charges were paid. This money was to be returned to the wrecker service and applied to what Conner called a deficit, owed by the Sheriff's Office because of the difference between accrued charges on abandoned cars towed and stored by El Paso Wrecker Service and the actual cash

value of the vehicle which was auctioned off, as determined by Conner.

The record reflects that on May 29, 1980, Art Padilla purchased a truck at a public auction. He gave Captain Don Morgan a cashier's check in the amount of $1,900.00 made out to appellant, Sheriff Ramon Montes. Conner testified that he told Morgan to inform him as to how the Sheriff wanted to distribute the proceeds of the check from Padilla. Conner also testified that the cashier's check was received back by El Paso Wrecker Service on May 30, 1980. It bore a restrictive endorsement, "Pay to the order of: El Paso Wrecker Service," signed by appellant.[1]

The charge to the jury included a definitional paragraph instructing the jury on the law of parties. In addition, the application paragraph of the charge instructed the jury they could find appellant guilty if they found he acted "individually or as a party thereto," but did not apply the law of parties to the facts of the case. Appellant timely and specifically objected to the inclusion of any charge on parties, inter alia, because there was no evidence of parties and because the parties charge did not correctly apply the law to the facts. The trial court overruled his objections.

During argument to the jury the prosecutors argued that although the evidence did not show who physically delivered the check to El Paso Wrecker Service, it was obviously delivered by someone. In reference to this the prosecutors argued two things: first, they noted that the charge contained instructions on the law of parties and, therefore, somebody else could have delivered the check and appellant would still be guilty because he endorsed the check and had the culpable intent; secondly, the prosecutors argued that one common sense interpretation of "delivery" in the context of the check was that it was delivered when appellant restrictively endorsed it over to El Paso Wrecker because

without such endorsement physical delivery was meaningless. The jury could also have inferred from the circumstantial evidence that appellant himself delivered the check. Appellant argued to the jury that there was no evidence who delivered the check and the State wanted the instruction on parties because of their lack of evidence. Appellant further argued that the State's reference to some other "vague party" was not evidence and thus, the State had not proved their case.

The record of the trial does not reveal any evidence of anyone other than appellant participating in the offense of official misconduct. See V.T.C.A. Penal Code, Sec. 39.01. We disagree with the Court of Appeals that the evidence does not clearly support appellant's guilt as a principal. Our review of the record reflects that appellant was indeed the principal. No other public official was shown to be involved. Appellant endorsed the check to El Paso Wrecker Service and, pursuant to his agreement with Conner and his endorsement, the check was immediately returned to the wrecker company, in violation of the law. The inclusion of the law of parties was error. Appellant timely objected to the inclusion of such instruction. Under the standard set forth in *Almanza*, supra, we must examine the record to determine if the error caused "some harm" to appellant. The Court of Appeals, without specifying what the harm was, concluded such instruction was harmful.

As mentioned, the evidence presented at trial does not show that anyone other than appellant committed the offense of official misconduct. The reference to parties comes during argument by the State and appellant on the issue of the actual physical delivery of the check to El Paso Wrecker Service the day after the sale. However, the evidence simply does not support a theory that *appellant* was a party. Even if it were proved, which it was not, that

---

1. The endorsement, "Pay to the order of: El Paso Wrecker Service" was typed on the back of the check. Appellant's signature was handwritten. An expert testified that the signature was sequential—placed on the check after the typed endorsement.

some other public official delivered the check to the wrecker service with the culpable intent, the fact of appellant's agreement with Conner and appellant's endorsement of the check over to the wrecker service supports appellant's guilt as a principal and not as a party. Therefore, even if the jury believed appellant was guilty as a party, the same acts by which they would convict him, i.e., endorsing the check to the wrecker service and agreeing to give the check to the wrecker service, constitute guilt as a principal. In other words, even if the jury convicted appellant under a theory that he was a party, they had to do so by the same acts which supports his conviction as a principal. As a result, we do not see how appellant was harmed even if the jury convicted him under a party theory.

The judgment of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for consideration of appellant's remaining grounds of error.

ONION, P.J., and DUNCAN, J., dissent.

CLINTON, Judge, dissenting.

*Inter alia*, as prescribed by V.T.C.A. Penal Code, § 39.01(a)(5), then extant, the indictment alleges and the charge to the jury requires a finding that appellant did "intentionally and knowingly *deliver* a thing of value...." [1]

A matter of primary concern to the Eastland Court of Appeals was that "[t]he evidence does not establish how the endorsed cashier's check was placed in the hands of the El Paso Wrecker Service." And it was for want of that proof of an essential element alleged and charged, see *ante*, that it opined, "Therefore, the evidence *does not*

*clearly support* appellant's guilt as a principal actor in the delivery of the endorsed cashier's check." It thereby distinguished *Govan v. State*, 682 S.W.2d 567 (Tex.Cr. App.1985), in that this Court had found that "because the evidence.... *clearly supports* the appellant's guilt as a principal actor, the error of the trial court in charging on the law of parties was harmless error." *Id.*, at 570–571. Also for lack of evidence of delivery, the Eastland Court found "evidence was insufficient to support the instruction on the law of parties." [2]

For its part, the majority just ignores lack of evidence to support a finding of delivery that is required by statutory prescription, indictment allegation and authorization paragraph in the jury charge. Instead, it emphasizes through repetition that there is no evidence of "anyone other than appellant participating in the offense of official misconduct." Thus the evidence "simply does not support a theory that *appellant* was a party." Slip Opinion, p. 4. (Emphasis in majority opinion).

Given that kind of negative elimination, only appellant is left as a suspect. Yet, the majority is content to say that "endorsing the check to the wrecker service and agreeing to give the check to the wrecker service, constitute guilt as a principal." *Id.*, pp. 4–5. Never mind that delivery by appellant is an essential element of the offense proscribed by former § 39.01(a)(5), which under its charge the jury had to find he did "individually or as a party thereto." Since the majority rules out the theory that appellant acted as a party, like the Eastland Court, one is left to wonder what evidence of delivery by appellant himself "clearly supports" his guilt, as required by *Govan*, supra, to obviate harm.

---

1. All emphasis is mine throughout unless otherwise indicated.

2. Tucked away in that part of the majority opinion reprising jury argument is a statement that "[t]he jury could also have inferred from the circumstantial evidence that appellant himself delivered the check." I take it that is still an argument made by the prosecution, for in its PDR the State advances evidentiary theories

whereby the jury could "reasonably deduce that Appellant actually delivered the check to the wrecker service" or "constructively delivered it.... when Appellant restrictively endorsed the cashier's check over to the El Paso Wrecker Service." PDR, at 9. By its own findings and conclusions the Eastland Court implicitly rejected those theories. The majority opinion merely alludes to them at page 3.

Agreeing with the Eastland Court of Appeals, I respectfully dissent.

TEAGUE, J., joins.