TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00151-CR






Steve Darrold Hill, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0985412, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







 Appellant Steve Darrold Hill appeals from his conviction for theft of a nail gun
from a pawn shop. See Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 1994). Hill confessed to
stealing the nail gun at the sentencing hearing and admitted two prior convictions for theft. 
Nevertheless, he appeals his conviction on two grounds claiming (1) that the trial court improperly
gave a jury charge on the law of parties, and (2) that the trial court failed to consider him eligible
for probation. We will affirm the conviction and sentence.


FACTS


 Steve Hill ("Steve") and his brother Oscar Hill ("Oscar") entered Doc Holliday's
Pawn Shop on June 8, 1998, just before closing time. Oscar approached Marcos Gonzales, an
employee at the store, to discuss a loan while Steve walked around the store looking at equipment. 
After a short conversation with Gonzales, Oscar walked back to where his brother was standing
near the nail guns at the rear of the store.

 Store manager Kenneth Smith testified that the nail guns were tied down with hard
plastic ties to prevent theft, and the ties could be cut with wire cutters or nail clippers. Smith kept
a videotape of store activities by using two surveillance cameras. That day's tape shows the two
brothers talking in front of the nail gun display while Gonzales was writing at the front counter. 
Steve knelt down next to the nail gun while Oscar remained standing. After a few moments, Steve
stood up and Oscar returned to the front counter to talk with Gonzales. Gonzales testified that
he looked down for a minute while the two were talking. When he looked up, he glimpsed Steve
rushing out the door. He did not see if Steve had anything in his hands because Oscar was
between Gonzales and the door. Oscar told Gonzales, "He just needs to go outside real quick."

 Two days later, Smith noticed that a nail gun was missing. There was no record
of its sale. He reviewed the videotape to find out when the nail gun disappeared; he identified
Steve and Oscar Hill in the videotape, standing in front of the nail guns. Smith testified before
the jury that the tape showed Steve picking up a nail gun from the bottom shelf and quickly
leaving the picture. Steve stipulated that he was the person on the videotape.

 Steve's friend, Luke DeFelice, testified that he saw the two brothers at Doc
Holliday's on the evening in question. DeFelice testified that Steve stepped out of the store and
asked him to wait. DeFelice also testified that Steve did not have anything in his hands when he
stepped out of the pawn shop the first time, when he came out several minutes later, or when he
got into DeFelice's car to get a ride home. Oscar's daughter, Angel Hill, testified that she went
with her father and uncle to Doc Holliday's and that Steve left the store with nothing in his hands.

 The state introduced uncontroverted evidence that Steve had previously been
convicted of possession of narcotics and two counts of theft. At sentencing, Steve admitted 
stealing the nail gun, and Steve's attorney agreed that he was not eligible for probation.


DISCUSSION


 Steve disputes his sentence in his second issue on appeal, claiming that the trial
court erred by not considering probation. However, since Steve's counsel agreed with the court
that his client was not eligible for probation, Steve has waived his right to appellate review on this
issue. See Tex. R. App. P. 33.1. We overrule Steve's second issue.

 In his first issue on appeal, Steve argues that the trial court erred in granting a jury
charge instruction on the law of parties. See Tex. Penal Code Ann. § 7.01 (West 1994). We first
consider whether Steve's claim is waived by his admission of guilt under the DeGarmo doctrine. 
The defendant waives any right to appeal at the guilt stage of trial if he testifies at punishment and
admits guilt. See DeGarmo v. State, 691 S.W.2d 657, 661 (Tex. Crim. App.), cert. denied, 474
U.S. 973 (1985). However, Leday restricted DeGarmo to issues that do not involve "due process
and those individual rights that are fundamental to our quality of life." Leday v. State, 983
S.W.2d 713, 724-25 (Tex. Crim. App. 1998). While jury charge error does not fit nicely within
the laundry list provided by Leday, it may at times be a right valued above the truth-seeking
function of the trial. See Gutierrez v. State, No. 03-98-00347-CR, slip op. at 6 (Tex. App.--Austin
June 4, 1999, pet. filed). Review of jury-charge error in Texas under Texas Code of Criminal
Procedure article 36.19 falls within two categories: "fundamental error" and "ordinary reversible
error." Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Gutierrez reviewed
case law concerning fundamental error, concluding that where jury charge error constitutes
fundamental error the DeGarmo doctrine cannot be invoked to estop an appellant from raising the
error on appeal. See Gutierrez, slip op. at 7. Under Gutierrrez, Steve's jury charge complaint
is not waived by his confession if the charge error was fundamental. See id.

 To determine Steve's complaint regarding the jury charge on the law of parties, we
must first determine whether there was error and then inquire if that error was fundamental. See
Gutierrez, slip op. at 8. A law-of-parties instruction may be submitted to the jury "if the evidence
introduced upon the trial of the cause shows, or raises an issue, that the conduct of the defendant
then upon trial is not sufficient, in and of itself, to sustain a conviction." McCuin v. State, 505
S.W.2d 827, 830 (Tex. Crim. App. 1974). While the presence of an accused at the scene of an
offense is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt
which, combined with other facts, may suffice to show that the accused was a participant. See
Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). Since Steve admits that he and
Oscar were both at Doc Holliday's, the law-of-parties instruction is justified here if other facts
show Steve was a participant in the crime.

 Numerous other facts support submission of a law-of-parties instruction. In
determining whether an accused is party to an offense and bears criminal responsibility, the court
may look to events before, during, and after the commission of the crime. See id. at 684. 
Participation in an enterprise may be inferred from circumstances and need not be shown by direct
evidence. See id. The videotape shows that the brothers walked together to the display of nail
guns and leaned down close to the nail gun that later disappeared. The store employee testified
that when Steve suddenly rushed out of the store Oscar explained, "He just needs to go outside
real quick." Gonzales further testified that he could not see Steve because Oscar was in the way. 
Each of these facts constitutes circumstantial evidence that Steve, if did not personally steal the
nail gun aided Oscar in the theft of. Steve's presence at Doc Holliday's, Gonzales' testimony,
and the videotape of Steve and Oscar's behavior in front of the nail guns justify the law-of-parties
instruction.

 Steve relies on Montes v. State to assert that the law-of-parties instruction should
not have been given here. See 724 S.W.2d 54, 56 (Tex. Crim. App. 1987). However, the
Montes court held that the law of parties did not apply on totally different facts. The court
reasoned that the law of parties instruction should not have been given because the record did not
present any evidence that anyone besides the appellant was involved in the improper use of
checks. See id. at 56. Oscar and Steve's presence together and concerted efforts in the store are
some evidence that the law of parties instruction should have been given here.

 Steve's factual assertions that the law-of-parties instruction should not have been
given are also not supported. Under the McCuin test, a law-of-parties instruction may be given
if the evidence raises an issue to which the law of parties may be relevant. See McCuin v. State,
505 S.W.2d 827, 830 (Tex. Crim. App. 1974). Steve brought two witnesses, Luke DeFelice and
Angel Hill, to testify that he did not actually walk out the door of the shop with the nail gun. The
obvious inference from such testimony is that someone else took the nail gun from the store after
Steve removed it from the area where it was on display. Steve then argues there was no credible
evidence to show that either Oscar or anyone else removed the nail gun at his direction. He
claims such inferences are either erroneous or not supported by objective evidence, but makes no
further argument as to why these inferences are incorrect. Steve cannot bring forth witnesses to
call into question whether he completed the theft and then prevent a jury charge on the logical
conclusion that he participated in part of the crime. The law-of-parties instruction was justified. 
We find no error and overrule Steve's first issue.


CONCLUSION


 We conclude that Steve Hill waived his right to appeal his sentence and the trial
court correctly instructed the jury on the law of parties. Oscar's presence in the pawn shop and
the introduction of testimony showing that someone other than Steve may have removed the nail
gun from the store raised the issue of whether Steve Hill was a party to the offense. We affirm
the trial-court judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 12, 1999

Do Not Publish



.W.2d 827, 830 (Tex. Crim. App. 1974). While the presence of an accused at the scene of an
offense is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt
which, combined with other facts, may suffice to show that the accused was a participant. See
Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987). Since Steve admits that he and
Oscar were both at Doc Holliday's, the law-of-parties instruction is justified here if other facts
show Steve was a participant in the crime.

 Numerous other facts support submission of a law-of-parties instruction. In
determining whether an accused is party to an offense and bears criminal responsibility, the court
may look to events before, during, and after the commission of the crime. See id. at 684. 
Participation in an enterprise may be inferred from circumstances and need not be shown by direct
evidence. See id. The videotape shows that the brothers walked together to the display of nail
guns and leaned down close to the nail gun that later disappeared. The store employee testified
that when Steve suddenly rushed out of the store Oscar explained, "He just needs to go outside
real quick." Gonzales further testified that he could not see Steve because Oscar was in the way. 
Each of these facts constitutes circumstantial evidence that Steve, if did not personally steal the
nail gun aided Oscar in the theft of. Steve's presence at Doc Holliday's, Gonzales' testimony,
and the videotape of Steve and Oscar's behavior in front of the nail guns justify the law-of-parties
instruction.

 Steve relies on Montes v. State to assert that the law-of-parties instruction should
not have been given here. See 724 S.W.2d 54, 56 (Tex. Crim.