NO. 07-02-0108-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 22, 2003


______________________________



MICHAEL W. MILES,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-433,443; HON. JACK D. YOUNG, PRESIDING


_______________________________



On Motion for Rehearing


_______________________________



Before JOHNSON, C.J., QUINN, J., and BOYD, S.J. (1)

 Appellant, Michael W. Miles, has moved for rehearing. He contends that we applied
an incorrect test when analyzing whether he was harmed by the improper submission of
an instruction on the law of parties. That is, he believes the court "merg[ed] or equat[ed]
the some harm standard of Almanza and Arline with the standard of review an appellate
court utilizes to determine whether the evidence is minimally sufficient to support a
verdict." (Emphasis in original). We overrule the motion for the following reasons.

 First, appellant criticizes the court for using the test he invited the court to use in his
brief. That this is true is readily evinced by comparing our opinion to his appellant's brief. 
On page 46 of appellant's brief, he stated that "[g]enerally when the evidence at trial
clearly supports a defendant's guilt as the primary actor, error in charging law of parties
is considered harmless." In our opinion, we stated that error arising from the improper
submission of a party charge was harmless '"if the evidence clearly supports appellant's
guilt as a primary actor.'" As can be seen, the utterance in our opinion is virtually identical
to that in his brief. So, assuming arguendo that we erred in assessing harm by
determining whether the evidence clearly supported appellant's culpability as a primary
actor, we did so at appellant's invitation. And, he cannot complain about that. See
Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (holding that an appellant
cannot complain about error he invited).

 Second, the standard utilized was the very same standard invoked and applied by
the Texas Court of Criminal Appeals in Brown v. State, 716 S.W.2d 939 (Tex. Crim. App.
1986) (holding the error harmless when the evidence clearly supported appellant's
culpability as a primary actor); Black v. State, 723 S.W.2d 674 (Tex. Crim. App. 1986)
(stating that "[w]here the evidence clearly supports a defendant's guilt as a principal actor,
any error of the trial court in charging on the law of parties is harmless"); Cathey v. State,
992 S.W.2d 460 (Tex. Crim. App. 1999) (stating that "where, as in the instant case, the
evidence clearly supports a defendant's guilt as the primary actor, error in charging on the
law of parties was harmless"); and Ladd v. State, 3 S.W.3d 547 (Tex. Crim. App. 1999)
(stating "[n]evertheless, 'where . . . the evidence clearly supports a defendant's guilt as a
principal actor, any error of the trial court in charging on the law of parties is harmless'"). 
Given that the holding was announced by the highest criminal court in the State of Texas,
we, as an intermediate appellate court, are not free to ignore it, despite appellant's wishes. 
Or, stated differently, we may rely on it until the Court of Criminal Appeals holds otherwise.

 Third, even if we were to apply the test mentioned in Almanza v. State, 686 S.W.2d
157 (Tex. Crim. App. 1984) and Arline v. State, 721 S.W.2d 348 (Tex. Crim. App. 1986)
we would nevertheless arrive at the same result. Given that appellant objected to the
inclusion of the party charge in the jury's instruction, both Almanza and Arline require
reversal only when the record, when viewed as a whole, illustrates that the "defendant
must have suffered 'some' actual, rather than theoretical, harm from the error." Arline v.
State, 721 S.W.2d at 351. Furthermore, in conducting that analysis we may assess the
overall weight of the evidence illustrating guilt. See Webber v. State, 29 S.W.3d 226, 237
(Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). So too may we consider the extent to
which the error was brought to the attention of the jurors. See Russell v. State, 43 S.W.3d
66, 70-71 (Tex. App.--Waco 2001, no pet.). 

 Here, an actuality of harm does not exist for several reasons. For instance, while
the instruction was included in the charge and the prosecutor alluded to it during
summation, he nevertheless urged the jurors not to find appellant guilty as a party but as
the primary actor given the quantum of evidence before it. Moreover, that evidence, while
circumstantial, clearly established his guilt. As illustrated in the record, the decedent was
killed by blunt force trauma to the head and body. The decedent's blood splatter was
found on appellant's shovel which was found in appellant's garage. The decedent was last
seen at appellant's house. The decedent was found wrapped in materials akin to those
found in appellant's house or to which he had access. Within the materials in which the
decedent was wrapped was a cigarette of the same brand as appellant's. Appellant
informed his cellmate that he had killed someone with a bat. Finally, appellant continually
contradicted his story regarding his last encounter with the decedent. All of this constitutes
clear evidence supporting appellant's guilt as the murderer.

 Furthermore, the very evidence which could conceivably be viewed as illustrating
that appellant acted as a party was the same evidence which illustrated that he personally
committed the murder. As previously mentioned in our original opinion, the evidence
either showed that appellant did nothing or that he committed the murder on his own or at
the behest of others. Nothing illustrated that someone else committed the murder and
appellant merely directed, solicited, encouraged, aided, or attempted to aid the murderer. 
In short, there was no evidence that anyone, other than appellant, killed the decedent. 
Thus, if no evidence exists illustrating that someone other than appellant killed the
decedent, then the only conceivable way the jury could have found that he acted as a party
to the murder was if it concluded that he killed at the behest of another. Yet, under that
scenario, while he may have been a party in the sense that he was acting on behalf of
others, he was nevertheless the primary actor because he did the killing. So, the same
evidence which could conceivably categorize appellant as a party to the crime also made
him the primary actor, and because of that, we cannot see how appellant was harmed. 
See Montes v. State, 724 S.W.2d 54, 56-57 (Tex. Crim. App. 1987) (holding that the
appellant suffered no harm when the trial court erroneously included the party charge
because the acts which conceivably made him a party also made him the primary actor). Finally, because there existed no evidence that anyone else killed the decedent,
the record cannot support the conclusion that appellant must have suffered some actual,
as opposed to theoretical, harm as required by Almanza and Arline. When circumstances
such as these appear of record, the reviewing court is entitled to conclude that no harm
resulted since "the jury almost certainly did not rely upon the parties instruction in arriving
at its verdict, but rather based the verdict on the evidence tending to show appellant's guilt
as a principal actor." Ladd v. State, 3 S.W.3d at 565. Or, as stated in Cathey, if there is
no evidence upon which a jury could rationally find that the accused acted as a party, then
the error is harmless because it is "highly unlikely that a rational jury would base its verdict
on a parties theory." Cathey v. State, 992 S.W.2d at 466. (2) 

 Accordingly, the motion for rehearing is overruled.


 Brian Quinn

 Justice

 


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. We are aware of the recent decision by the San Antonio Court of Appeals in Guevara v. State, No.
04-00-00340-CR, 2003 WL 201299 (Tex. App.--San Antonio January 31, 2003, no pet. h.). There, the court
held the defendant was harmed because it could not determine whether the jury considered the improper
instruction while deliberating. The improper instruction consisted of a misstatement of law, not the
submission of a party charge when the evidence did not warrant it. Additionally, none of the opinions by the
Texas Court of Criminal Appeals which we discussed and found binding here, where mentioned there. Thus,
the opinion is inapposite.